JOAN HACKETT, an Infant, by MARY HACKETT, Her Guardian ad Litem, et al., Plaintiffs, *v.* STASS REED, Defendant.

Supreme Court, Special Term, Queens County, November 30, 1953.

*Richard C. Wilson* for plaintiffs.

*Burton B. Turkus* for defendant.

PETTE, J. In an action to recover damages for injuries suffered by the infant plaintiff as the result of an assault and battery alleged to have been committed by the defendant, and for necessary medical expenses incurred by her mother for the benefit of the infant, the plaintiffs have moved to examine the defendant before trial.

This motion is opposed principally upon the ground that in actions of this character, it has been the policy of the courts not to permit examinations before trial, without special and unusual circumstances, which are not present here. Such, indeed, was the rule in the past. (See *Bahr* v. *Seager,* 228 App. Div. 644 and the cases there cited.) It still seems to be the rule in the First Department wherein the Appellate Term of that department, as late as June 18, 1953, held that rule 121-a of the Rules of Civil Practice (eff. July 1, 1952) " was not intended to change the rule prevailing in this department that general examinations before trial will, in the absence of special circumstances, not be permitted in matrimonial actions, actions for assault, and actions for other wilful torts." (*Siciliano* v. *Consolidated Edison Co. of N. Y.,* 204 Misc. 203, 204.)

In this department, however, an examination before trial in an action to recover damages for assault has been permitted. (*Puente* v. *Santisario,* 281 App. Div. 844, 845.) In that case the plaintiff served a notice to examine the defendants before trial. The latter served a cross notice to examine the plaintiff before trial upon the following items: " 1. All of the facts and circumstances surrounding the assault alleged by the plaintiff. 2. The injuries alleged by the plaintiff as the result of said alleged assault, and what treatment, if any, was necessitated thereby. 3. The damages alleged by plaintiff as the result of said alleged assault, including medical and hospital expense and loss of earnings, if any." The plaintiff thereupon moved to modify said cross notice by eliminating item 2 therefrom. Special Term granted the motion solely to the extent of modifying item 2 to read: " The injuries claimed to have been sustained by plaintiff as a result of the alleged assault." The plaintiff appealed from the order entered upon said decision contending that rule 121-a did not authorize the examination of a plaintiff as to personal injuries. The defendants contended that said rule was adopted so as to permit examinations before trial of any party as to any

and all issues. The Appellate Division in its memorandum decision affirmed, stating " There was no abuse of discretion in permitting the examination of appellant as to the injuries which he claims he sustained. (Rules Civ. Prac., rule 121-a.) "

While it is true that the holding in the *Puente* case (*supra*), was limited to an item which called upon the plaintiff to give testimony before trial as to his injuries in an assault case, the logic of that decision persuades the court to the conclusion that examinations before trial of parties should not be withheld in light of the broad language of rule 121-a, merely because the action is of a character in which depositions were not formerly allowed, provided that the required information is material, necessary and sought in good faith.

The new rule is the product of long and continuous effort by the Judicial Council of the State of New York, since 1935, to liberalize examinations before trial to permit parties to get out the facts which would enable them to have a fair opportunity, in advance of trial, to gather evidence. Commenting on the adoption of the new rule in its nineteenth Annual Report (1953), the Judicial Council stated at page 27 that the rule permitted mutual examinations before trial " by and of any party as a matter of right in any type of action whatsoever regardless of the burden of proof ".

To deny the right of an examination before trial by reason of the nature of the action in which it is sought, would contravene not only the spirit but also the letter of the rule and undo in large measure that which it was intended to accomplish.

The examination here sought is predicated upon material allegations of fact alleged in the complaint. These have been denied by the answer; plaintiffs are therefore entitled to examine the defendant with respect thereto. The motion is accordingly granted as to all items. However, items 1, 3 and 4 will be modified by deleting the words " or not " and item 1 will be further modified by adding the words " on or " before the word " about " on the first line. ·

In view of the nature of the examination before trial herein granted, the court is of the opinion that judicial surveillance will be necessary. Accordingly, it is directed that the examination take place before the Official Referee of this court. (See *Marie Dorros Inc.* v. *Dorros Bros.*, 274 App. Div. 11, 14.)

Submit order.