PELHAM ST. G. BISSELL, 3D, Plaintiff, *v.* WALTER WINCHELL et al., Defendants.

Supreme Court, Special Term, New York County, March 9, 1954.

*M. E. Theodore* for plaintiff.

*McCauley & Henry* for defendants.

EDER, J. Motion, to examine defendant Winchell before trial and for production of books and records pursuant to section 296 of the Civil Practice Act, is granted. It is the view of the court that plaintiff is entitled to the examination under the liberal provisions of rule 121-a of the Rules of Civil Practice, and this irrespective of who has the burden of proof. The opposition stresses the feature that this is an action to recover damages for libel and suggests that despite the provisions of rule 121-a, the rules against general examinations in libel actions have not been changed. The court is unable to concur in this view. No distinction is made as to the type of action to which the rule shall apply; indeed, by its very terms it includes every type of action. The language is clear and unambiguous, viz.: " In *any* action, at any time after the service of an answer, any party may cause to be taken by deposition before trial, the testimony of any other party, his agent or employee as prescribed by sections 288 and 289 of the Civil Practice Act, regardless of the burden of proof." (Emphasis supplied.)

Plaintiff is not obliged to accept what is set forth in the answer by way of defense as to the conclusive fact, nor is he obliged to forego examination of the defendant upon the statement defendant will merely testify to the same matters; he is not obligated or required to accept concessions in lieu of examination; that is optional with plaintiff.

If defendant is of opinion that plaintiff is not entitled to any particular record being produced, objection may be registered at the examination and application may thereupon be made to the court for a ruling thereon; similarly, if at the examination defendant is of the view that a particular question is improper or not permissible, objection may be interposed and a ruling thereupon obtained thereon. This court cannot, in advance, and at this time, and, indeed, is in no position, to properly rule upon such matter. Settle order.