MICHEL OLIAN, Plaintiff, *v.* RANDOM HOUSE, INC., et al., Defendants.

Supreme Court, Special Term, New York County, May 11, 1954.

*Dodge, Saltzman & Waxberg* for plaintiff.

*Joseph J. Stern* and *Bernard A. Feuerstein* for Michael Stern, defendant.

*Edward C. Wallace* for Random House, Inc., defendant.

STEUER, J. This is a motion by plaintiff to examine one of the defendants before trial. The action is for libel. Prior to 1952, examinations in libel actions were not favored (*Welling* v. *Kugel,* 215 App. Div. 770). In that year rule 121-a of the Rules of Civil Practice was promulgated and provided for such examination " in any action ". This language was taken to mean that the exception to examination in defamation cases was no longer to be recognized (*Bissell* v. *Winchell,* 205 Misc. 877; *Tweed* v. *New York World-Telegram Corp.,* N. Y. L. J., June 24, 1953, p. 2111, col. 3). Then on March 10, 1954, the Appellate Division, 1st Department, promulgated a rule reading in part: " 6. The right to or the scope of examination before trial of adverse parties shall remain unchanged by reason of the adoption of this rule. Thus, in matrimonial actions, stockholders derivative or representative actions, taxpayers' actions and other actions where examinations are not favored on the ground of public policy, or where from the nature of the requested examination it may be unduly burdensome to one or more of the parties, the party seeking the examination of the adverse party will be obliged to establish special circumstances in order to obtain the examination."

This language serves to clarify the meaning of the words " in any action " as used in rule 121-a. Obviously it means " in any action where an examination is allowable " and does not intend to extend the right to actions in which examination was not hitherto favored, except where special circumstances indicated an opposite disposition.

In this case not only is the action not one favored but at the present appearance for examination would be unduly burdensome. The moving defendant resides in Italy. He has not invoked the jurisdiction of the court. It does not appear that he intends to be present at the trial. Of course, if he does come here for the trial the examination could be held on his arrival and there would be no undue burden on him.

There are no special circumstances. The issue of the truth or falsity of the alleged defamatory matter depends on facts at least as well within the knowledge of the plaintiff as the defendant. As to the extent of publication (as to which, incidentally, no restriction on examination exists) the information is peculiarly within the knowledge of the codefendant. It is true that the codefendant has obtained an order for the examination of the plaintiff. Had that examination been sought by the moving defendant the situation where one party had the advantage of pretrial examination might well lead to the conclusion that a special circumstance existed entitling his adversary to a like advantage.

While it is not unlikely that the moving defendant will obtain some benefit from his codefendant's examination, it is still true that he should not be penalized for an advantage he did not seek. Moreover, the peculiar facts in this case make it very probable that should plaintiff succeed in obtaining an examination of the codefendant he would be able to elicit all the information he would be able to get from the moving defendant. Motion denied.