EVELYN KENYON, Plaintiff, *v.* LORD & TAYLOR, INC., Defendant.

Supreme Court, Special Term, New York County, October 5, 1954.

*Sol M. Selig* for plaintiff.

*John P. Smith* and *Allen M. Taylor* for defendant.

MATTHEW M. LEVY, J. This is an action for false arrest and malicious prosecution. The plaintiff was employed as a saleswoman in the defendant's retail department store. She alleges that certain of the defendant's employees in its protection division improperly detained and falsely charged her with stealing cash from the store register. The plaintiff has moved for a pretrial examination of the defendant's employees. The defendant opposes the plaintiff's application principally upon the ground that as a matter of public policy it is not allowable in an action such as this. The defendant also cross-moves for an examination of the plaintiff in the event the court overrules the defendant's objection.

Rule 121-a of the Rules of Civil Practice (eff. July 1, 1952) provides in so many words that " In any action, at any time after the service of an answer, any party may cause to be taken by deposition before trial, the testimony of any other party, his agent or employee ". Whatever doubt there may have been as to whether this new rule was to change the view in the first department as to pretrial inquiries in all types of cases (cf. *Bissell* v. *Winchell,* 205 Misc. 877, and *Olian* v. *Random House,* 205 Misc. 878), it is now clear that rule 121-a was not intended — in the absence of special circumstances — to allow (at least in this department) general examinations before trial in certain types of cases (*Field* v. *Field,* 281 App. Div. 657; *Siciliano* v. *Consolidated Edison Co. of New York,* 204 Misc. 203). Indeed, it was made clear subsequently by subdivision 6 of rule XI of the Trial Term Rules of this court (eff. April 1, 1954) that rule 121-a of the Rules of Civil Practice did not change the law in the first department in actions " where examinations are not favored on the ground of public policy ". I must therefore seek to ascertain what the views of our courts were in actions of this nature prior to July 1, 1952.

Examinations seemed to have been allowed as a matter of course in other departments (*Kaminsky* v. *John F. Trommer, Inc.,* 246 App. Div. 558; *Rosen* v. *Cooper,* N. Y. L. J., May 25, 1945, p. 2008, col. 1) and there are precedents in the first department in accord. (*Applebaum* v. *Bloomer,* N. Y. L. J., July 28, 1945, p. 181, col. 2; *Podbur* v. *Federated Dept. Stores,* N. Y. L. J., Nov. 19, 1951, p. 1293, col. 3; *Kirsh* v. *Wilner,* N. Y. L. J., Aug. 8, 1940, p. 313, cols. 2, 3, 4; *James* v. *Fifth Ave. Coach Co.,* N. Y. L. J., Mar. 3, 1942, p. 930, col. 5.) But, in McCullen on Examinations Before Trial ([rev. ed.], Vol. 1, § 176, p. 114), in discussing cases of malicious prosecution, the author expressed

doubt as to this view, at least in this department. (And see *Gallo* v. *Universal Art,* N. Y. L. J., Oct. 24, 1939, p. 1277, col. 3.)

I must say that I cannot see where the administration of justice in this State is aided or how it can maintain the respect to which it is entitled if a short subway ride in the same city causes a diametric change in " public policy ", and thus a complete reversal of a simple rule of procedure (cf. my remarks, long ago, in *Parker* v. *Burgoyne,* 167 Misc. 542, in connection with another phase of law reform as to the appropriateness of pretrial examination in negligence cases). It is perfectly all right to go from borough to borough in our town in search of bargains for purchase or advantages in employment — but it is, in my view, decidedly not all right to ignore the possibilities of a citizen or his lawyer shopping around from one section to another in the matter of litigation, seeking and finding varying holdings in the procedural sphere of the judicial process. Whatever the rule, it seems to me that a saleswoman or a customer or a retail department store owner in Brooklyn should not be treated in the matter of pretrial examination any differently than she or he or it would be treated in Manhattan — and *vice versa.* The Legislature by statutory amendment or the courts by change of rule of civil practice should, I think, eliminate this type of anomaly in our practice — as was at long last done in negligence cases.

Now, as to the scope of the examination. Item 2; the words " false, wanton and malicious " in item 5; the words " because of her complete innocence of the commission of any crime " in item 8; the word " unlawful " in item 9; the word " falsely " in item 11; item 12; item 14; and the words " unlawful " and " wanton, malicious, and " in item 15, of the proposed examination are stricken. Items h through l of the documents specified for production are eliminated. It will be seen that in general I have permitted the plaintiff to examine the defendant as to its acts and conduct in the premises, but not as to legal conclusions. That, it seems to me, should be the permissible area of examination in an action such as this.

An order should be settled on notice accordingly, granting both motions and providing that the defendant may examine the plaintiff prior to submitting to an examination of it by the plaintiff (New York County Supreme Court, Trial Term Rules, rule XI, subd. 3). Books and papers will be submitted in pursuance of section 296 of the Civil Practice Act.