JACK MILLER, Respondent, v. SHOPWELL FOODS, INC., et. al., Defendants, and ISIDORE MILLER et al., Appellants.

First Department, October 30, 1956.

*Martin Gold* of counsel (*Solomon S. Friedman*, attorney), for appellants.

*Charles A. Cohen* for respondent.

*Per Curiam.* This appeal requires us to determine whether an examination before trial may be allowed in an action for malicious prosecution where no unusual or special circumstances are shown. In this action to recover damages for malicious prosecution the Special Term has vacated defendants' notice seeking to examine plaintiff on the basic facts of the alleged cause of action and on the damages claimed to have been sustained by plaintiff. The lower court has held that in the absence of a showing of special circumstances such an examination may not be had.

The precise question has not heretofore been specifically passed upon by this court. However, as a result of earlier decisions at Special Term and also the recent enactment of rule 121-a of the Rules of Civil Practice, and the limitations imposed by Trial Term Rule XI of the New York County Supreme Court Rules on the applicability of that rule to certain types of action, some doubt seems to have arisen as to whether such an examination may be had in this department. We therefore deem it advisable to make a definite ruling on the question.

Rule 121-a, the basic rule of civil practice governing deposition procedure, on its face grants the right of deposition in any action. The rule expressly provides: "In any action, at any time after the service of an answer, any party may cause to be taken by deposition before trial, the testimony of any other party".

If this rule were followed literally, it would permit an examination in a malicious prosecution action, since provision is made for the taking of a deposition in " any action ". However, Trial Term Rule XI restricts somewhat the use of rule 121-a, for it bars examinations in certain types of action unless special circumstances are shown. Subdivision 6 of Trial Term Rule XI is as follows: " 6. The right to or the scope of examination before trial of adverse parties shall remain unchanged by reason of the adoption of this rule. Thus, in matrimonial actions, stockholders derivative or representative actions, taxpayers' actions and other actions where examinations are not favored on the ground of public policy, or where from the nature of the requested examination it may be unduly burdensome to one or more of the parties, the party seeking the examination of the adverse party will be obliged to establish special circumstances in order to obtain the examination."

The real question therefore is whether an action for malicious prosecution comes within the class of " other actions where examinations are not favored on the ground of public policy ". We can find no basis for so holding; in other words there would appear to be nothing in our public policy, as defined in either decision or statute, which would bar such an examination.

It is urged that it has never been the policy in this department to permit an examination in a malicious prosecution action and that view was expressed in at least one Special Term opinion (*Gallo* v. *Universal Art*, N. Y. L. J., Oct. 24, 1939, p. 1277, col. 3). Most of the decisions at Special Term, however, have favored examinations before trial in malicious prosecution actions (*Kenyon* v. *Lord & Taylor*, 206 Misc. 611; *Podbur* v. *Federated Dept. Stores*, 134 N. Y. S. 2d 752; *Appelbaum* v. *Bloomer*, N. Y. L. J., July 28, 1945, p. 181, col. 2; *Kirsch* v. *Wilner*, N. Y. L. J., Aug. 8, 1940, p. 313, col. 2).

In the *Appelbaum* case, Judge BOTEIN observed: " Although this action for false imprisonment and malicious prosecution sounds in tort, the rule in this department nevertheless permits an examination in the absence of a showing of special circumstances ".

It is clear therefore that as far as the lower court decisions are concerned there is certainly no fixed policy against the allowance of an examination in a malicious prosecution action.

The Appellate Division, Second Department, has held that an examination in an action for malicious prosecution is proper (*Kaminsky* v. *Trommer*, 246 App. Div. 558), and we see no reason why the rule here should not be the same. The tendency certainly is toward liberality in pretrial discovery proceedings, the aim being to enable the parties to unearth the facts before they reach the courtroom for trial. Therefore, unless in a particular case there is some very strong and impelling reason why the relief should be denied, an examination should be allowed in a malicious prosecution action just as in other cases. No such reason appears in the present case.

The order should be reversed and motion to vacate notice of examination before trial denied, with $20 costs and disbursements to appellants. Settle order.

PECK, P. J., BOTEIN, RABIN, Cox and VALENTE, JJ., concur.

Order unanimously reversed, with $20 costs and disbursements to the appellants, and the motion to vacate notice of examination before trial denied. The date for the examination to proceed shall be fixed in the order. Settle order on notice.