Henry J. Latham, J.
The plaintiff, in an action to recover
damages for alleged libel, moves to examine the defendants before trial substantially in the language of the recent amendment to rule 121-a of the Rules of Civil Practice “ with respect to the material and relevant allegations of fact put in issue by the pleadings in the action ” and to require said defendants to produce certain books and papers “ for the purpose of refreshing the memory of the said parties, and for the purpose of admitting them into evidence. ’ ’
The defendants oppose this motion on the ground that no special circumstances have been established warranting the general examination herein sought.
While it is true that the Appellate Division in the First Department has held that the necessity for establishing special circumstances as the basis for seeking an examination before trial in actions for defamation has not been altered by the adoption of rule 121-a of the Rules of Civil Practice (Kollsmam Instrument Corp. v. Daily Mirror, 7 A D 2d 975; Murphy v. New York World-Tel. Corp., 8 A D 2d 800) there never was such a requirement in this department prior to such enactment, and the court knows of no such requirement having' been imposed by any court in this department since rule 121-a became effective. (See Wiener v. Long Island Daily Press Pub. Co., 286 App. Div. 1108; Tweed v. New York World-Tel. Corp., 132 N Y S 2d 820; cf. Hackett v. Reed, 207 Misc. 311, affd. 285 App. Div. 905.)
The motion is, accordingly, granted with the exception that the defendants will be directed to produce for use pursuant to section 296 of the Civil Practice Act all books, papers and records in the possession or under the control of the defendants which are relevant and material to the examination. The court cannot direct the production of all of the books and records referred to in the 20 numbered paragraphs of the notice of *612 motion since their relevancy and materiality have not been sufficiently established by the supporting papers.
The order will provide that the examination take place in this court at a time to be fixed in the order or such other time and place as the parties and their attorneys agree upon. The order will also provide for specific dates and hours for the commencement of the examination of each defendant so as to obviate, as far as possible, unreasonable waiting time of each witness. Settle order.