Howard A. Zeller, J.
The corporate defendant has moved to vacate plaintiff’s demand for an examination before trial for the alleged reason that as a matter of law the plaintiff is not entitled to such an examination. The individual defendant has moved to vacate the notice of plaintiff’s examination before trial on the grounds that a general examination before trial in an action for libel is improper, unauthorized, immaterial and unnecessary. In the alternative, the individual defendant seeks to limit the examination to certain particular matters.
Defendant Moore admits writing a paperback novel entitled 11 Sex Cure ” and the corporate defendant admits publishing it. The novel describes a Jane Dieterle who works in a local hospital, cares for children at her home, administers chloral hydrate to them to keep them quiet and carries on a lucrative business of illegal abortions.
Plaintiff — June Dieterle — alleges that the book is written concerning her home town of Cooperstown, New York, that she is a resident thereof, that she is employed by a local hospital and that she has engaged in the business of caring for young children at her home. She claims that the defamatory words written about her are false and untrue and she seeks compensatory and punitive damages from defendants.
The Appellate Divisions of the First and Second Departments are in conflict regarding the propriety of general examinations before trial in libel actions. A general examination before trial in a libel action is not permitted — in the absence of special circumstances — in the First Department. (Malus v. Sperry Corp., 282 App. Div. 939; Kollsman Instrument Corp. v. Daily Mirror, 7 AD 2d 975, motion for leave to appeal denied 8 A D 2d 698; Olian v. Random House, 205 Misc. 879.) General examinations before trial without proof of special circumstances are permitted in the Second Department. (Groff v. Daily Review Corp., 248 App. Div. 773; Milner v. Long Is. Daily Press Pub. Co., 10 A D 2d 519; Graham v. Macfadden Pubs., 21 Misc 2d 610.) The Appellate Division of our Third Department apparently has not had the occasion to pass upon the question of general examinations before trial in actions for defamation.
Examinations before trial are used to develop the truth, to clarify the issues, to expedite trials, and to encourage the disposition of litigation. It is my opinion that plaintiff is entitled to proceed with the examinations she has requested.
The motions to vacate the examinations before trial should be denied in all respects.