CAROLYN NOMAKO, Also Known as LYN ROSSI, Respondent, v. JOSEPH J. ASHTON, Appellant.

First Department, February 27, 1964.

*Bernard J. Coven* for appellant.

*Robert G. Tischler* of counsel (*Tischler & Tischler,* attorneys), for respondent.

*Per Curiam.* The question on this appeal is whether under article 31 of the new Civil Practice Law and Rules the plaintiff in a slander action is entitled to a general unrestricted examination before trial of the defendant. Special Term denied defendant's motion to strike plaintiff's notice of examination before trial. The court concluded that previous authority restricting general examinations on all of the issues in defamation actions was no longer applicable under the Civil Practice Law and Rules.

Since New York County Supreme Court Trial Term Rule XI restricting pretrial examinations in certain cases no longer exists and in view of the advent of the Civil Practice Law and Rules with its provision for protective orders, the order of Special Term denying the motion to strike should be affirmed.

Many years ago this court ruled that examinations before trial in negligence and certain other tort cases would not be permitted except in unusual circumstances. That early view was said to be based upon considerations of sound public policy. (See *Shaw* v. *Samley Realty Co.,* 201 App. Div. 433, 435–436; *Preiss* v. *O'Donohue,* 173 App. Div. 121, 122–123; cf. *Goodman* v. *Stein,* 261 App. Div. 548.)

Earlier in *Oakes* v. *Star Co.* (119 App. Div. 358) this court had refused to permit an examination of plaintiff by defendant in a libel action. In *Welling* v. *Kugel* (215 App. Div. 770) this court affirmed without opinion the decision of Special Term which struck plaintiff's notice to examine defendant in a slander action citing *Shaw* v. *Samley Realty Co.* (*supra*).

The New York County Supreme Court Trial Terms Rule XI (subd. 7) and Bronx County Supreme Court Trial and Special Terms Rule XX (subd. 7), adopted on March 10, 1954 and repealed September 1, 1963, simply codified the several restrictions developed in the cases. Since defamation actions were among those "not favored on the ground of public policy", the old rule remained unchanged despite the innovation of general rules liberalizing pretrial examination procedure in actions generally. (See *Olian* v. *Random House,* 205 Misc. 878 [STEUER, J.].) Consequently, general examinations in libel and slander cases continued to be prohibited (see, e.g., *Kollsman Instrument Corp.* v. *Daily Mirror,* 7 A D 2d 975 [libel]; *Murphy* v. *New York World-Telegram Corp.,* 8 A D 2d 800 [libel]; *Dubrul* v. *Arden,* N. Y. L. J., Nov. 12, 1959, p. 14. col. 1 [slander]). Of

course, limited examinations in defamation cases had been permitted under special circumstances. For example, if plaintiff did not know the exact words written or spoken of him or the extent of their publication, it was held necessary for him to examine concerning that (see, e.g., *Mason* v. *New York Review Pub. Co.*, 154 App. Div. 651 [libel]; *Wolf* v. *Gold*, N. Y. L. J., Dec. 18, 1959, p. 10, col. 3 [slander]; *Bernhard & Co.* v. *Tobacco Leaf Pub. Co.*, 148 N. Y. S. 2d 639 [libel]; cf. *Malus* v. *Sperry Corp.*, 282 App. Div. 939 [libel]; *Ginsberg* v. *Farmers Nat. Bank of Hudson*, 20 Misc 2d 874 [slander]).

Even before the advent of the Civil Practice Law and Rules, this court had held that special circumstances need not be shown in order to obtain an examination before trial in actions for malicious prosecution or assault (see *Miller* v. *Shopwell Foods*, 2 A D 2d 362; *Reich* v. *Gross*, 6 A D 2d 559).

The new enactment starts with the assumption of full disclosure, and then provides for protective orders in the event the discovery sought is found abusive or otherwise unwarranted (see CPLR 3101, 3103). The repealing of the restrictive rules was intended to conform to the larger purpose of the new procedural enactment. Consequently, there should no longer be any special rule against examinations before trial in defamation actions. There is no longer persuasive reason for a general policy against examinations in intentional tort cases, including defamation actions. Moreover, such examinations have been permitted in the Second and Third Departments (see, e.g., *Milner* v. *Long Is. Daily Press*, 10 A D 2d 519; *Dieterle* v. *Universal Pub. Corp.*, 38 Misc 2d 973).

Even under the liberalized Civil Practice Law and Rules, however, pretrial examination should still be limited " in certain kinds of actions where experience indicates a risk that the examination will be unduly burdensome to one or more parties " (3 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 3101.14). Thus in matrimonial actions experience has shown that " the pretrial examination too often becomes an exacerbating circumstance " (*Hunter* v. *Hunter*, 10 A D 2d 291, 294). In such cases the possibility of abuse is so great the burden should be placed upon the party seeking the examination, and a protective order denying the examination should issue unless the burden is satisfied. In stockholder's derivative and other representative actions the probability of ill-founded claims solely for the purpose of harassment is often present, though the degree of probable abuse may not be quite as great as in matrimonial actions. Therefore, in such cases a protective order should issue unless the plaintiff presents " factual allegations of evidentiary value to establish

the charges of improper conduct '' (*Mann* v. *Luke,* 272 App. Div. 19, 23 quoted in *Van Aalten* v. *Mack,* 7 A D 2d 289, 290; see, also, *Gearing* v. *Kelly,* 15 A D 2d 477).

The point is that in the matrimonial case the need for the examination should be shown or a protective order should issue while in the derivative or representative action it suffices to show a prima facie case on the merits by evidentiary allegations. A similar restraint may often be justified in taxpayers' actions and in actions for an accounting, but the generalizations cannot be as easily laid down, nor should any generalization be applied absolutely. Apart from these exceptions it would seem that examinations should be allowed in the absence of a showing sufficient to invoke the protection of section 3103 of the Civil Practice Law and Rules in the particular case, without relation to the class in which the action falls.

Accordingly, the order denying the motion to strike the examination before trial should be affirmed, without costs to either party.

BREITEL, J. P., VALENTE, MCNALLY, STEVENS and EAGER, JJ., concur.

Order entered on November 7, 1963, so far as appealed from, unanimously affirmed, without costs.