The People of the State of New York ex rel. Horace Nelson Carr, Appellant, v. William B. Patterson, as City Manager of the City of Auburn, and Another, Respondents.— Motion for leave to appeal to Court of Appeals denied, with ten dollars costs. Order entered March 11, 1935. Present — Sears, P. J., Taylor, Thompson, Crosby and Lewis, JJ.

John D. Dunlop and Others, Respondents, v. Sweet Brothers Paper Manufacturing Company, Incorporated, Appellant, Impleaded with Smith Murgittroyd and Others, Defendants.— Judgment modified by providing that plaintiffs' water rights under the Peck durable lease which precede the water rights of appellant do not exceed 293 cubic feet per second, and as modified affirmed, without costs. Certain findings of fact and conclusions of law disapproved and reversed and new findings and conclusions made. Memorandum: We are of the opinion that under the terms of the Peck durable lease plaintiffs and their predecessors received no right to use water in excess of an amount sufficient to operate a two-saw mill, that is to say, 293 cubic feet per second. Settle order before Taylor, J., on two days' notice. All concur, except Thompson, J., who dissents and votes for affirmance. (The judgment fixes the rights of the parties to surplus waters of Oswego river. The order remitted the report to the referee for certain changes.) Present — Sears, P. J., Taylor, Thompson and Crosby, JJ.

William Spencer, Appellant, v. Stacy R. Hunt, Respondent, and Another, Defendant.— Order reversed on the law, with ten dollars costs and disbursements, and motion denied, with ten dollars costs, on the ground that an issue of fact is presented as to whether the release set up in the motion papers was obtained by fraud and whether the whole sum of $300 was paid to the plaintiff so that he was required to tender the same to the defendant upon disaffirming the release. All concur, except Edgcomb and Lewis, JJ., who dissent and vote for affirmance. (The order granted a dismissal of the complaint as to defendant Hunt in an automobile negligence action.) Present — Sears, P. J., Taylor, Edgcomb, Thompson and Lewis, JJ.

Kenneth A. Wilson, Respondent, v. Blaine W. Orser and Another, Respondents, and William Donovan and Another, Appellants.— Order reversed on the facts, with ten dollars costs and disbursements, and motion granted, with ten dollars costs to abide the event. Memorandum: The cause of action arose in Cortland county and despite technical defects in the papers, we think it is sufficiently shown that the convenience of witnesses will be promoted by changing the place of trial to Cortland county. All concur. (The order denied a motion to change the place of trial.) Present — Sears, P. J., Taylor, Edgcomb, Thompson and Lewis, JJ.

In the Matter of the Application of Charles W. Kempf to Compel Dr. Raymond A. Kempf, as Executor, etc., of Joseph C. Kempf, Deceased, to Pay a Legacy under Said Will.— Appeal dismissed, without costs, upon the ground that the order is merely an intermediate ruling as to the procedure upon a trial or hearing and is not an "order affecting a substantial right." We do not pass upon the question as to which party has the burden of proof or as to whether the condition is a precedent or subsequent one. All concur. (The order denied a motion to dismiss the petition and directed the executor to assume the burden of proof.) Present — Sears, P. J., Taylor, Edgcomb, Thompson and Lewis, JJ.