■ SYLVIA BERNSTEIN et al., Respondents, v. MARION E. McKANE, Defendant, and BEVERLY SWARTWOOD, Appellant.— In an action to recover damages for injuries to person and property, the appeal is from an order denying appellant's motion to change the place of trial from Kings County to Cayuga County, where the accident occurred. Order reversed, with $10 costs and disbursements, and motion granted, with $10 costs. The moving affidavits sufficiently establish that the testimony of two presumably disinterested witnesses,

residents of Cayuga County, would be material and necessary to the defense of the action. In opposition, respondents claim that the convenience of their witnesses requires that the action be retained in Kings County. One of those witnesses is a resident of New Jersey; the others are physicians who attended respondent Hyman Bernstein, and witnesses regarding repairs to respondent Sylvia Bernstein's car. However, the opposing affidavits are defective in that they are completely lacking in any statement of facts concerning the merits as to which the witnesses will testify. (Cf. *Liebowitz* v. *Hudson Tr. Corp.*, 59 N. Y. S. 2d 313; *Kramer* v. *Harder Mfg. Corp.*, 218 App. Div. 745.) Moreover, the convenience of witnesses who can testify on the issue of liability is to be preferred over the convenience of those who can testify only on the question of damages. (*Kalteux* v. *C. P. Ward, Inc.*, 282 App. Div. 847.) If it be assumed that no preponderance of witnesses for either of the parties was shown, the controlling factor is that the cause of action arose in Cayuga County. (*Wilson* v. *Winco Estates*, 266 App. Div. 795.) Other things at most being equal, this transitory action should be tried in the county where the cause of action arose. (*Mencke* v. *Goldberg*, 208 App. Div. 820.) In addition, a rural county, where calendars are not congested, is to be preferred to an urban county, where conditions are otherwise. (*Taller & Cooper* v. *Rand*, 286 App. Div. 1096.) On the record presented, therefore, it was an improvident exercise of discretion to deny the motion. Nolan, P. J., Wenzel, Hallinan and Kleinfeld, JJ., concur; Beldock, J., dissents and votes to affirm, with the following memorandum: The venue of this action should not be changed from Kings County to Cayuga County for the convenience of two witnesses who did not see the accident and whose testimony as to the position of the vehicles after the accident, which was caused by skidding, is not material. Furthermore, respondents have an eyewitness who lives in New Jersey and is not subject to subpœna. This witness claims that because of his business it would be a practical impossibility for him to attend in Cayuga County, whereas he would be able to attend in Kings County. The convenience of respondents' attending physicians and mechanic must also be considered. In my opinion, the discretion exercised by the Special Term should not be disturbed.