Saul S. Streit, J.
This is a motion by defendant Commercial International Corporation, hereinafter referred to as “ CIC”, appearing specially, to set aside service of the summons and complaint upon it. The grounds of the motion are: (1) that it has not been properly served, (2) that it was not doing business in this State at the time of service, and (3) that the person served, Weesner, at the time service was made upon him, was not a resident of this State or here on the business of CIC.
Weesner was served in this State on August 21, 1962. He admittedly was and is the president and a director of CIC. The service was, therefore, valid under section 229 of the Civil Practice Act, if CIC was, at the time, doing business in this State to such an extent as to be subject to the service of process in this jurisdiction (Brandow v. Murray & Tregurtha Corp., 203 App. Div. 47). Accordingly, the sole issue presented is whether CIC was doing business in this State on August 21, 1962.
CIC is a Delaware corporation with its principal office in Florida. It has not qualified in this State. It is essentially a holding company. Its holdings consist of (a) 80,000 shares of stock of the Bon Ami Company, upon behalf of which this stockholders’ action is brought, (b) all the stock of a Haitian hotel corporation, (c) all the stock of a Delaware corporation which operates a discount store in Florida, (d) an interest in Texas oil wells and (e) oil leases in Wyoming. CIC’s stock in Bon Ami and the Haitian corporation is pledged with a Hew York bank. *962 Its stock in the discount store corporation and the oil leases are physically located in New Jersey and Florida, It is undenied that CIO has never had a listing in a building directory or telephone book in this State and that its letterhead and literature have never listed a New York address. It is likewise uncontroverted that it has no bank account here. No claim is made by plaintiffs that it has ever had a bank account here.
The moving affidavit of Weesner admits that up to on or about August 1,1962, plaintiff Pat Webb was secretary and a director of CIC and handled in New York City “ among other activities of CIC, its stock transfers ’ ’. Weesner claims that because Webb did not wish to reside in Florida, where CIO’s principal office is located, she was permitted to maintain “ certain books ” of CIC in New York up to that time.
Webb submits an affidavit in which she states that as late as August 1,1962, the ledger, cash journal, general journal and the correspondence files of CIC, as well as its stock and stock transfer books, its corporate seal, its minute books, its stock ledger cards, its checkbooks, check stubs and banking records, and its cancelled checks, were all kept in a building in New York City. Part of said books, records, etc., were located in the offices of CIC’s Bon Ami subsidiary, in that building, and the rest were in Webb’s office in the same building and in Weesner’s office therein. None of the foregoing statements is denied. Webb further states, without denial, that many directors’ meetings were held in the New York building. She declares that the work of CIC was carried on in New York “ at the specific direction of Mr. Weesner ”, and that the letters of CIC, bearing the Florida address, were typed in New York and mailed to Florida for remailing. She adds that *‘ in the past six or eight months even the certificates and correspondence were mailed directly from the New York office ” of CIC. This, too, is not denied. By Weesner’s own admission, all CIC checks were signed by Webb.
Since CIC was a holding company and not engaged in the manufacture or sale of products, the claim of the movant that it made no sales in this State is wholly without force. The activities and operations of a holding company are necessarily much more circumscribed than those of a corporation engaged in manufacture, trade or business in the usual sense of that term. With this in mind, the court is of the opinion that up to on or about August 1, 1962, CIO was clearly engaged in business in this State to a sufficient extent to subject it to the service of process here. All its books and records were kept in New York in charge of its secretary, who was also a director. Stock transfers, an important part of the activities of a holding corporation, *963 were effected here. Many directors’ meetings were held here. As pointed out in Pomeroy v. Hocking Val. Ry. Co., 218 N. Y. 530, 536 (in language approved in Elish v. St. Louis Southwestern Ry. Co., 305 N. Y. 267, 270), “ It must be assumed that when its board of directors and executive committee were meeting in the state of New York they were exercising supervision over its management and business and providing for the successful transaction of the latter The fact that its letterheads and literature did not hold out to the public the existence of a New York office, and that the building and telephone directories did not list such an office is relatively unimportant in view of the nature of CIO’s business, which made such holding out to the public a matter of little consequence.
The question remains whether GIG was still doing business in this State on August 21, 1962, the date process herein was served upon Weesner. The latter’s affidavit states that on or about August 1 he discovered that Webb was acting in breach of her fiduciary obligation and was removing certain corporate records of both CIO and Bon Ami. He adds that she apparently became aware of his discovery and left the office feigning illness. He states that she has not returned. Weesner claims that he “ immediately ” arranged for the performance of her duties by CIO employees in its Florida office and that he forwarded the books and records “ required for current operations ” to Florida prior to the service of process. He adds that additional records are to be sent to Florida. Weesner’s affidavit concludes' with the statement that “ no corporate activities of GIG have been conducted in the State of New York since on or about August 1, 1962”.
Since CIO had been doing business in New York up to August 1, 1962, there is a presumption that it continued to do so. Of course, this presumption is rebuttable by evidence clearly establishing that CIO had ceased to do business here prior to August 21. Webb was still the secretary (as well as a director) on August 21, and remained such until the director’s meeting held on September 1, 1962. As secretary, the corporate books and records were presumably in her charge. Weesner’s statement, that the books and records “ required for current operations ” were sent to Florida before he was served, does not disclose which books and records were so sent, or the date they were sent. His statement that no corporate activities have been conducted in New York State since about August 1, is likewise a bare conclusion. It does not appear what corporate activities, if any, there were between August 1 and August 21. No stock transfers may have been necessary during that period. Director’s meet *964 ings are not ordinarily held every week or two and, as far as appears, none was held during said 20-day period. It is quite possible that there was no corporate business to be transacted by CIO, a holding company, during said period. Weesner’s alleged removal of some unidentified books and records from the custody of Webb, the corporation’s secretary, is not shown to have been within his authority. His statement that he made arrangements in Florida to have Webb’s duties performed by others in Florida does not disclose the date he did this. The word “ immediately is a conclusion ”. Furthermore, there is no showing that Weesner had authority to arrange for the performance of Webb’s duties as secretary by others. The necessity of her signature to corporate checks presumably remained until she was removed as secretary. In the circumstances, Weesner has not satisfactorily established that CIO had ceased to do business in New York State between August 1 and August 21.
The motion to set aside service is denied, with leave to answer within 10 days from the service of a copy of this order with notice of entry.