■ In the Matter of PHYLLIS MORELLI, Appellant, v. FRANK MORELLI, Respondent.— Order of the Family Court, entered on September 12, 1967, in this support proceeding, directing respondent to pay to his wife, on a public charge basis, and his child, on a means basis, the sum of $50 per week, unanimously modified, on the law and on the facts, without costs or disbursements, to the extent of increasing such allowance to the sum of $75 per week, plus the rent on petitioner's apartment, as established below. The trial court erred in awarding support for petitioner on a public charge basis, rather than on a means basis. Based on respondent's ability to pay, the present record warrants an award of $75 per week for the support of petitioner and the one child of the parties. Concur — Eager, J. P., Steuer, Capozzoli, McGivern and Rabin, JJ.

■ LILLIAN STULL, on Behalf of Herself as a Stockholder of Studebaker Corporation and in the Right of Studebaker Corporation, and on Behalf of All Other Stockholders Similarly Situated, Respondent, v. STUDEBAKER CORPORATION et al., Appellants.— Order, entered on November 17, 1967, granting plaintiff's renewed motion to examine defendants before trial in this stockholders' derivative action, unanimously reversed on the law, on the facts and in the exercise of discretion, with $30 costs and disbursements to defendants-appellants, and motion denied. Plaintiff failed to establish the requisite special circumstances to warrant the pretrial examination sought. She did not present "factual allegations of evidentiary value to establish the charges of improper conduct". (*Mann* v. *Luke*, 272 App. Div. 19, 23; *Nomako* v. *Ashton*, 20 A D 2d 331, 333–334.) The conflict of interest sought to be established by plaintiff is based upon conclusory allegations and information contained in proxy statements. This is insufficient. (*Van Aalten* v. *Mack*, 7 A D 2d 289.) Concur — Stevens, J. P., Eager, Steuer, Capozzoli and McNally, JJ.