■ In the Matter of CARLOS RUIZ, Petitioner, v JOSEPH P. SULLIVAN et al., Respondents.—Petition in article 78 proceeding is unanimously dismissed and application denied, without costs and without disbursements. The question whether the Trial Justice shall inspect the Grand Jury minutes is one for the sound discretion of the Trial Justice (CPL 210.30, subd 4) and is not reviewable by an appellate court either on direct appeal (CPL 210.30, subd 6) or in the guise of an article 78 proceeding. (See *Matter of Miranda v Isseks,* 41 AD2d 176.) So much of the application as seeks a stay of trial pending decision by the United States Supreme Court in *Patterson v New York* is denied as moot in view of the decision of that case by that court on June 17, 1977. Concur—Lupiano, J. P., Silverman, Evans, Capozzoli and Lane, JJ.

■ RICHARD ADAMS et al., v "HORACE" ACKER et al. (And a Third-Party Action.)—Upon movant's application for reargument and/or clarification, this court has once again examined the entire record in this matter and concludes that the case against defendant, Fernley, was also tainted by the improper remarks of plaintiffs' counsel referred to in this court's earlier majority memorandum. Accordingly, we modify our prior determination to the extent of reversing the judgment as against Fernley Realty Corp., on the law and the facts, and directing a new trial as against it on the theories of common-law negligence and violation of section 205-a of the General Municipal Law. In all other respects we adhere to our prior determination. Concur—Birns, Capozzoli and Lane, JJ.; Kupferman, J., dissents and would deny the motion for reargument and clarification. Applications for leave to appeal to the Court of Appeals are dismissed. (See CPLR 5601, subd [c]; 5602, subd [a], par 2; subd [b], par 1.) [See 57 AD2d 741.]

■ DANNY SHAMASH et al., v OHRBACH'S, INC.—Motion granted only to the extent of modifying the order of this court entered on June 1, 1977 and the memorandum decision of this court filed therein by striking out from the order the words "with $60 costs and disbursements of this appeal to defendant-appellant", by striking out from the memorandum decision the words "with $60 costs and disbursements of this appeal to appellant", and by substituting therefor in the order and the memorandum decision the words "without costs and without disbursements". The motion is otherwise denied. Concur—Birns, J. P., Silverman, Capozzoli and Markewich, JJ.

■ BARNETT STEPAK v ALEXANDER'S INC., et al.—Motion, insofar as it seeks reargument is denied; and said motion, insofar as it seeks clarification, is granted to the extent of modifying the memorandum decision of this court as to Appeal No. 344N by striking out the last paragraph relating to said appeal and substituting therefor the following paragraph: "As a rule examinations of defendants in derivative suits are not favored. Here plaintiff has not demonstrated special circumstances and a sufficient basis for examination. (See *Tel-A-Sign v Weesner,* 36 Misc 2d 960.)" Concur—Lupiano, J. P., Silverman, Evans and Markewich, JJ.