■ WILLIAM J. CONDREN, Respondent-Appellant, v ANNE K. SLATER, Appellant-Respondent, et al., Defendant. — Order, Supreme Court, New York County (Freedman, J.), entered June 25, 1980, granting defendant's motion for a protective order, to the extent of limiting the notice of deposition to the fourth, fifth and sixth causes of action, modified, on the law, with costs and disbursements, to grant the motion for a protective order in its entirety and, except as thus modified, affirmed. This is the second action brought by plaintiff against the corporation which owns the co-operative apartment building in which both he and the individual defendant, Slater, live. At the time of the incident that gives rise to this action, Slater was president and, like plaintiff, one of the directors and shareholders of the corporation. Plaintiff alleges that Slater "misled" the board of directors as to her intentions regarding a possible sublet of a portion of her apartment, and then prepared the minutes of the board's meeting so as to recite incorrectly the proposal which she made and the action taken by the board. In the earlier action, as here, plaintiff conceded that the first, second and third causes of action were "brought derivatively on behalf of the Corporation." Upon the basis of a finding that "by the very terms of the complaint * * * all of the causes of action are derivative in nature", the complaint in the earlier action was dismissed (Nadel, J.) for failure to make a demand on the corporation to take remedial action (Business Corporation Law, § 626, subd [c]). That determination was never appealed. Except for two minor differences, not relevant here, the present complaint's allegations are identical to those in the earlier action. Whether this action is viewed as a new proceeding, in which event *res judicata* and claim preclusion principles would apply, or considered a continuation of the earlier action, in which case the law of the case doctrine would apply, Special Term was bound by the earlier determination that the identical causes of action were derivative in nature. Instead, Special Term found the fourth, fifth and sixth causes of action to be personal in nature and permitted disclosure with respect thereto. In any event, our own examination of all six causes of action reveals that they are derivative in nature. Although, ordinarily, the disclosure provisions of CPLR 3101 are liberally construed and applied, the rule in shareholder derivative actions is that an individual defendant should not be examined before trial, absent an evidentiary showing of special circumstances. (See, e.g., *Stepak v Alexanders, Inc.*, 58 AD2d 520, mod 58 AD2d 754; *Stull v Studebaker Corp.*, 30 AD2d 527; *Nomako v Ashton,* 20 AD2d 331.) As this court noted in *Nomako (supra,* at pp

333-334), the basic reason for the rule is the well-known potential for abuse and harassment in derivative actions, which are often brought by plaintiffs for reasons of their own and contrary to the best interests of the corporation they purport to represent. Plaintiff fails to make any showing of special circumstances. In fact, this case presents a classic example of the appropriateness of the rule. The corporation has already incurred legal fees in the sum of $2,000 in defending the first action. The board of directors has adopted resolutions to the effect that Slater acted properly, that plaintiff's lawsuits are contrary to the best interests of the corporation, and that the corporation should both retain counsel to represent it in this action and also enforce any claim it might have against plaintiff. We note in passing that plaintiff was often late in making the maintenance payments for his apartment, sometimes accruing arrears up to four months, and thereby prompted the board to propose a late penalty charge against the account of any tenant-shareholder who did not make his maintenance payments when due. Concur — Birns, J. P., Sullivan, Ross and Carro, JJ.

Silverman, J., dissents in a memorandum as follows: I would deny the protective order *in toto*. The rule limiting disclosure proceedings in derivative actions should not be a rigid one. The reason for the rule is that in many derivative actions involving public corporations, the disclosure becomes so wide ranging and extensive that its expense can be so great that the very pendency of the suit becomes a burden on the corporation, and even cases without merit are settled to avoid such an expense. That consideration has no application to the present case — a discrete and limited dispute among co-operator tenants in a co-operative apartment house.