■ Marvin Jacobson, as Administrator, Respondent, v Leaseway of Eastern New York, Inc., et al., Appellants. (Action No. 1.) Siefried Bienstock, as Administrator, Respondent, v Marvin Jacobson, as Administrator, Respondent, and Leaseway of Eastern New York, Inc., et al., Appellants. (Action No. 2.) — In two actions arising out of the same motor vehicle accident, to recover damages, *inter alia,* for wrongful death, Leaseway of Eastern New York, Inc., Glen Mohawk Dairy, Inc., and Arthur T. Schuster, defendants in both actions, appeal from so much of an order of the Supreme Court, Westchester County (Delaney, J.), entered September 7, 1983, as, upon their motion (1) for a joint trial of the actions and (2) to place the venue of the actions in Schenectady County, rather than Westchester County, where action No. 1 is pending or Kings County, where action No. 2 is pending, directed that the actions be jointly tried in the Supreme Court, Kings County.

Order reversed insofar as appealed from, with costs to appellants against plaintiff-respondent Bienstock in action No. 2, that branch of the appellants' motion which was to place the venue of the actions to be jointly tried in Schenectady County granted, and the place of trial of both action No. 1 and action No. 2 is changed to the Supreme Court, Schenectady County.

Special Term abused its discretion in denying appellants' motion for a change of venue to Schenectady County as that is the location where the accident occurred, where the majority of the nonparty material witnesses reside, and where the calendar is less congested (see *Ray v Beauter,* 90 AD2d 988). We further find that appellants' motion was made within a reasonable period of time after commencement of the actions (CPLR 511, subd [a]). Titone, J. P., Mangano, Weinstein and Brown JJ., concur.