■ COLA-RUGG ENTERPRISES, INC., et al., Respondents, v CONSOLIDATED EDISON COMPANY OF NEW YORK, INC., Appellant. (Action No. 1.) COLA-RUGG ENTERPRISES, INC., et al., Appellants, v HALLEN CONSTRUCTION COMPANY, INC., et al., Respondents. (Action No. 2.) — In an action to recover damages for breach of contract, (1) Consolidated Edison Company of New York, Inc., appeals from an order of the Supreme Court, Kings County

(Hurowitz, J.), dated January 26, 1984, denying its application, pursuant to CPLR 511, for a change of venue of action No. 1 from Kings County to New York County, and (2) plaintiffs in action No. 2 appeal from an order of the same court dated January 25, 1984 denying their motion pursuant to CPLR 602 (a) to consolidate the two above-titled actions.

Order dated January 26, 1984, affirmed, with costs.

Order dated January 25, 1984 reversed, with costs, and motion granted to the extent of directing a joint trial of both actions.

In or about May 1982, plaintiffs commenced action No. 1 against Consolidated Edison Company of New York (Con Edison) in regard to two contracts (1979 contract and 1980 contract) between the parties for trenching and paving work in Brooklyn. An amended verified complaint was served over a year later in August of 1983. On September 28, 1983, Con Edison simultaneously served its amended verified answer and counterclaim to the amended verified complaint and a demand for a change of venue to New York County, its residence.

Although Con Edison's demand for a change of venue was timely made (*Boro Kitchen Cabinets v Spalt,* 9 AD2d 925; *Penniman v Fuller & Warren Co.,* 133 NY 442), Con Edison's motion to change venue must fall because, all things being equal, venue may remain where the transaction arose (*Bernstein v McKane,* 3 AD2d 764; *Slavin v Whispell,* 5 AD2d 296). Con Edison does not reveal substantial inequities that would result from having the place of trial in Kings County. Thus, Special Term properly exercised its discretion in retaining venue in Kings County.

Plaintiffs commenced action No. 2 on June 28, 1983, naming Con Edison and Hallen Construction Company as defendants. The complaint in this second action deals solely with the 1980 contract and conduct related thereto; the 1979 contract is not mentioned.

Special Term erred when it failed to direct that both cases be tried together. Although plaintiffs moved to consolidate the actions, the more appropriate method of achieving that purpose is a joint trial, particularly since the second action contains a party not present in the first. Lazer, J. P., Mangano, Gibbons and Niehoff, JJ., concur.