■ HELEN RESNICK, on Behalf of Herself and All Other Stockholders of KARMAX CAMP CORP., Appellant, v KARMAX CAMP CORP et al., Respondents.—In a shareholders' derivative action, plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Queens County (Cooperman, J.), dated May 11, 1984, as granted that branch of the individual defendants' motion which was for a change of venue and denied her cross motion to compel disclosure without prejudice to renewal.

Order modified by deleting the provision thereof which denied plaintiff's cross motion to compel disclosure and substituting therefor a provision granting that cross motion to compel the disclosure requested in plaintiff's notice to take deposition upon oral examination of (1) the individual defendants, except that portion thereof which requested the production of "All books, records and documents relevant to the action including but not limited to"; and (2) the corporate defendant, except that portion thereof which requested the production of "All the books, letters, records and documents in the custody or control of the said representative of the defendant, Karmax Camp Corp". As so modified, order affirmed, insofar as appealed from, without costs or disbursements. On this court's own motion (CPLR 3103 [a]), a protective order is granted as to those portions of plaintiff's notices to take the depositions upon oral examination of the defendants which have been excepted from the direction to disclose, as set forth above, without prejudice to plaintiff's right to apply to the Supreme Court at Special Term for additional disclosure of specified books, letters, records and documents, during or upon completion of the examinations before trial, upon a showing

that said documents are material and necessary to the prosecution of the action. The examinations shall proceed at the courthouse of the Supreme Court, Suffolk County, in Riverhead, on a date and at a time to be specified in a notice of not less than 20 days, to be served by plaintiff upon the defendants together with a copy of the order to be made hereon, with notice of entry, or at such other time and place as the parties may agree.

Whether to grant a motion under CPLR 510 (3) to change venue upon the ground that the convenience of material witnesses and the ends of justice will be promoted by the change rests within the sound discretion of the court and will not be disturbed on appeal unless its determination is clearly shown to be an abuse of discretion (*Blasch v Chrysler Motors Corp.*, 84 AD2d 894; *Greentree Pub. Co. v Oneida Dispatch Corp.*, 59 AD2d 711). No such showing has been made here. Excluding from consideration the parties, their employees and experts, there is no preponderance of witnesses residing in either Queens or Suffolk County. All things being equal, this transitory action should be tried in the county where the cause of action arose, namely, Suffolk (*see, Chiappa v Macaluso*, 96 AD2d 895; *Lundgren v Lovejoy, Wasson, Lundgren & Ashton*, 82 AD2d 912). Therefore, the portion of Special Term's order granting that branch of the individual defendants' motion which was to change venue to Suffolk County is affirmed.

As to the plaintiff's cross motion to compel disclosure, it is ordinarily the rule that discovery is generally liberally granted. However, when dealing with a shareholders' derivative action, the requirements are more strict, due to the frequency with which ill-founded claims for purposes of harassment arise in such actions (*Condren v Slater*, 85 AD2d 507). In order to be permitted to conduct an examination before trial there must appear a basis for inquiry on the face of the complaint, established by factual allegations of evidentiary value (*Cardo v Safeway Concrete Co.*, 73 AD2d 607; *Matter of Elias v Artistic Paper Box Co.*, 29 AD2d 118). Plaintiff's complaint sets out specific instances of alleged misconduct and breach of fiduciary duty, and thus she has established her entitlement to take depositions upon oral examination of defendants. However, with regard to her notices to take oral depositions, while plaintiff requests the production of specific documents, she also uses general language such as "all * * * documents" relevant to this action. Such language has met with disapproval in the past (*see,*

*Butler v District Council 37,* 72 AD2d 720; *Stepak v Alexander's, Inc.,* 58 AD2d 520), due to the potential burden upon the party to be deposed, and should not be condoned. Therefore, as an exercise of our discretion, the defendants are granted a protective order striking that general language from the notices of deposition, without prejudice to plaintiff's right to apply to Special Term for further disclosure of specific books, letters, records and documents during or upon completion of the examinations before trial of defendants. Mangano, J. P., Thompson, Brown and Lawrence, JJ., concur.