■ VIOLET I. THOMAS, Individually and as Administratrix of the Estate of DALE R. THOMAS, Respondent, v DWAYNE D. SMALL, Defendant, and MARMAC LEASING Co., INC., Appellant. —In an action to recover damages for conscious pain and suffering and wrongful death, the defendant Marmac Leasing Company, Inc., appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Aronin, J.), dated July 5, 1984, as denied its motion for a change of venue to Clinton County.

Order reversed insofar as appealed from, with costs, and motion for a change of venue from Kings County to Clinton County granted.

This case arises out of a one-car motor vehicle accident which occurred in the Town of Peru, Clinton County. The decedent was a passenger in the vehicle, which was owned by the defendant Marmac Leasing Company, Inc. (hereinafter Marmac) and driven by the defendant Dwayne D. Small. The plaintiff, the mother of the decedent and the administratrix of his estate, is a resident of Kings County, as was the decedent. The defendant Small is also a Kings County resident, although, at the time of the accident, Small and the decedent were roommates at the State University of New York at Plattsburgh.

The plaintiff commenced this action in Kings County, and Marmac thereafter moved pursuant to CPLR 511 to change the place of trial to Clinton County. Special Term denied the motion, and Marmac has appealed.

Initially, we reject the plaintiff's contention that the motion by the defendant Marmac for a change of venue from Kings County to Clinton County was properly denied because Marmac failed to fully set forth necessary averments to enable Special Term to determine the materiality of the expected testimony of the witnesses residing in Clinton County. Marmac made a sufficient factual showing in its moving papers, setting forth the names and addresses of the witnesses, their occupations, their expected testimony and the materiality of such testimony. In essence, "it [was] sufficiently shown that the convenience of the witnesses will be promoted by changing the place of trial" *(Chiappa v Macaluso,* 96 AD2d 895).

The plaintiff further contends that the change of venue

motion was properly denied because of the failure of all the defendants to have joined in the motion *(see, Lyman v Gramercy Club,* 28 App Div 30). However Marmac established sufficient reason why the codefendant Small did not join in the application, by averring that Small was awaiting a determination as to whether an appearance would be entered on his behalf, and the issues of insurance coverage and the representation of Small by Marmac's counsel were unresolved at the time of the application. Additionally, it is conceded that Marmac exercised no control over Small, and that the defendants may be litigating between themselves as to which of them will be liable for the plaintiff's injuries in whole or in part *(Chung v Kivell,* 57 AD2d 790). In any event, Small did subsequently join in Marmac's motion. Moreover, the defendant Small has since filed for bankruptcy, and the action has been stayed as to him.

Turning to the merits of this motion, various criteria are involved in a consideration of whether or not a court should grant a change in venue. The general rule is that where a transitory action is involved, all other things being equal, the case should be tried in the county where the cause of action accrued, where there is a preponderance of witnesses, where the convenience of such witnesses would be best served and where the ends of justice would be promoted by trying the action there (CPLR 510 [3]; *Resnick v Karmax Camp Corp.,* 112 AD2d 206, 207; *German v Swendsen,* 112 AD2d 139, 140; *O'Leary v Hull,* 101 AD2d 741; *Chiappa v Macaluso, supra; Bohlen Indus. v Flint Oil & Gas,* 95 AD2d 753).

In this case, the automobile accident occurred in Clinton County, and the preponderance of material witnesses reside there. At least five material witnesses residing in Clinton County have been identified and all records pertinent to the incident are located in that county. The investigating police officer, the police report, all physicians and nurses who treated the decedent, all medical records of the decedent, the medical examiner, his official report, and the lessee of the vehicle involved in the incident are located in Clinton County. Although Marmac may already be in possession of copies of the police report, the death certificate, and the hospital records, it cannot be presumed that the need to produce police and medical witnesses from Clinton County is thereby obviated.

The only persons involved who reside in Kings County, the present situs of the action, are the plaintiff, the codefendant Small, who has joined in the motion to change the venue to

Clinton County, and some unidentified relatives and friends of the plaintiff and the decedent, to whom a change of venue would allegedly cause inconvenience. It is anticipated by the plaintiff that the only purpose in having these unidentified witnesses testify would be as to her relationship with the decedent. We note, however, that the convenience of the parties is not a consideration in changing the place of venue *(Cole v Lawas,* 97 AD2d 912, 913), and nonmaterial witnesses should at best be given only slight consideration *(Gerber v B.C.R. Hotel Corp.,* 10 AD2d 956).

In further support of retaining venue in Kings County, the plaintiff avers that she and the relatives of the decedent would be forced to relive the trauma of the loss of her son if the venue was changed to Clinton County. However, "[e]xtraneous facts, irrelevant and inadmissible on the trial, which make an appeal merely to the sympathies of the court, may not ordinarily be considered in arriving at the ends of justice on a motion to change the venue unless a complete denial of justice would follow" *(Parkill v New England Furniture & Carpet Co.,* 211 App Div 871).

Furthermore, Clinton County is a rural county which has less calendar congestion than Kings County, and the ends of justice would be promoted by affording the litigants a speedier trial in Clinton County *(see, Jacobson v Leaseway of E. N. Y.,* 107 AD2d 798).

Finally, the plaintiff claims that she will be unable to obtain a fair trial and that the ends of justice will be perverted if venue is changed from Kings County to Clinton County because of the dearth of minority citizens in Clinton County who could serve on any jury. However, a mere belief by the plaintiff that she will be denied a fair trial is not sufficient, absent a showing of facts and circumstances to justify the denial of a change of venue *(Fishman v Fishman,* 20 AD2d 941, *lv dismissed* 15 NY2d 621). The conjectural fears and speculations of the plaintiff in this case fail to establish a strong possibility that an impartial jury cannot be chosen *(see, Althiser v Richmondville Creamery Co.,* 13 AD2d 162). Accordingly, the argument lacks merit and should not be given consideration in determining the motion in this case.

For all the foregoing reasons, it was an improvident exercise of discretion to deny the motion for a change of venue. Mangano, J. P., Bracken and Weinstein, JJ., concur.

Kooper, J., dissents and votes to affirm the order insofar as appealed from, with the following memorandum, in which Lawrence, J., concurs.

The fatal one-car accident in question occurred in Peru, New York, in Clinton County, in November of 1983. The decedent, then 18 years old, was a passenger in a car leased from the defendant Marmac Leasing Co., Inc. (hereinafter Marmac) and driven by the defendant Dwayne Small. According to the police report, the accident occurred when the defendant Small lost control of the vehicle and struck a tree.

Prior to the accident, the deceased had resided in Kings County. In March of 1984 the instant action was commenced in Kings County by the mother of the deceased, a resident of Kings County. The defendant Small, the driver of the automobile and the sole eyewitness to the accident, is also a resident of Kings County. The instant motion for change of venue to Clinton County is brought by the defendant Marmac, the sole party that is not a resident of Kings County. According to Marmac, a change of venue to Clinton County is necessary for the convenience of material witnesses, namely, the police officer who investigated the accident, the doctors and nurses who treated the deceased at the hospital, the coroner, and the lessee of the automobile that the defendant Small was driving at the time of the accident.

Clearly, however, there is no inconvenience to the hospital involved, as it need do no more than send its records to court (see, Wecht v Glen Distribs. Co., 112 AD2d 891; Stavredes v United Skates, 87 AD2d 502). Similarly, as a certificate of death for the deceased is already a part of the record, it does not appear that any representative of the medical examiner's office will be needed to testify.

With respect to the doctors and hospital personnel, Marmac has failed to name any of these persons, and has failed to indicate what their testimony would be. To support a motion for a change of venue, the movant must show the names and addresses of the witnesses he claims are material, and should specify the substance of the testimony to be given (see, Brevetti v Roth, 114 AD2d 877; Williamsburg Steel Prods. Co. v Shevlin-Manning, Inc., 90 AD2d 550; Bernstein v McKane, 3 AD2d 764; Hurlbut v Whalen, 58 AD2d 311, 315-216). The movant should also state that he knows that the witnesses will testify on his behalf (see, e.g., Radatron, Inc. v Z.Z. Auto Tel., 30 AD2d 760, 761; Brevetti v Roth, supra). Marmac has not made such a showing. It has not stated that it has contacted any of these proposed witnesses, and it is certainly not evident from its moving papers that any of these persons will, in fact, testify on its behalf.

The same is true with respect to the police officer, whose written report is already available to the parties. Marmac claims that the testimony of this officer will be important to describe the road conditions, as well as for "whatever he may know about the occurrence itself". Here again, it does not appear that Marmac has actually contacted this witness. Moreover, its moving papers fail to assert that this officer will testify on its behalf, and fail to specify what his testimony will be. Additionally, Marmac asserts in its moving papers that its defense to the instant action is that the nonpermissive use of the automobile by driver Small relieves it of all liability; the condition of the roadway at the time of the accident would be irrelevant to such a defense.

This leaves Sophie Crawford, the lessee of the Marmac vehicle that defendant Small was driving at the time of the accident, as the sole witness to be considered. Again, Marmac neglects to claim that it has contacted this witness, and that she will, in fact, testify on its behalf. Most importantly, Marmac is silent about this witness's testimony. It states vaguely that she will be used "in an effort to exculpate this defendant from * * * liability". With respect to Marmac's stated defense of nonpermissive use, it is possible that the lease agreement itself, which was attached as an exhibit to the moving papers, but has not been included in the record on appeal, might show those persons authorized to operate the rented vehicle. In any event, it is clear that it is only this one witness who may actually suffer inconvenience if the venue in this action remains in Kings County.

A motion for a change of venue under CPLR 510 (3) is addressed to the sound discretion of the court. Its determination of Marmac's motion " ' "will not be reversed on appeal unless it clearly appears that there was an abuse of that discretion, or that the court erred in coming to the conclusion it did" ' " (Greentree Pub. Co. v Oneida Dispatch Corp., 59 AD2d 711, quoting from 2 Weinstein-Korn-Miller, NY Civ Prac ¶ 510.11, quoting from McConihe v Palmer, 76 Hun 116, 118; Resnick v Karmax Camp Corp., 112 AD2d 206, 207; Wecht v Glen Distribs. Co., supra; State of New York v Kronberg, 86 AD2d 711). While we recognize that, all things being equal, transitory actions should generally be tried in the county where the accident occurred (Bernstein v McKane, supra; German v Swendsen, 112 AD2d 139, 140), we cannot say, on this record, that Special Term abused its discretion in refusing to grant Marmac's motion for a change of venue.