■ WILLIAM McADOO, Appellant, v ELIAS LEVINSON et al., Defendants and Third-Party Plaintiffs-Respondents, et al., Defendants. TOWN OF ROCHESTER, Third-Party Defendant-Respondent.—In consolidated actions to recover damages for personal injuries, etc., the plaintiff appeals from an order of the Supreme Court, Kings County (Ramirez, J.), dated May 22, 1987, which granted a motion by the defendants Elias Levinson and Irma Levinson to change venue of the action to Ulster County.

Ordered that the order is affirmed, with one bill of costs.

The joinder of the Town of Rochester as a third-party defendant resulted in a conflict between the venue provisions of CPLR 503 (a) and 504 (2). Despite the apparent mandatory tone of CPLR 504 (2) which requires that an action against a town be brought in the county where the town is situated, CPLR 504 does not preclude consideration of the discretionary grounds for the change or retention of venue set forth in CPLR 510 (3) *(see, Messinger v Festa,* 94 AD2d 792; *cf., Haroian v Nusbaum,* 84 AD2d 532). Upon our review of the record, the reasons advanced for retaining venue in Kings County do not sufficiently outweigh the asserted inconvenience to the Town of Rochester. Furthermore, absent a clear abuse of discretion, the determination of a motion to change

venue pursuant to CPLR 510 (3) should not be disturbed on appeal *(see, McDonald v Southhampton Hosp.,* 133 AD2d 814; *Resnick v Karmax Camp Corp.,* 112 AD2d 206, 207). No such showing has been made at bar. Excluding from consideration the convenience of the parties, their employees and their experts which is not relevant to a determination of a change of venue motion under CPLR 510 (3) *(see, e.g., D'Argenio v Monroe Radiological Assocs.,* 124 AD2d 541; *Katz v Goodyear Tire & Rubber Co.,* 116 AD2d 506, 507), the record does not demonstrate that there is a preponderance of witnesses in either Kings or Ulster County. It is a well-settled rule that all other things being equal, a transitory action such as this should be tried in the county where the cause of action accrued *(see, e.g., McDonald v Southhampton Hosp., supra; Thomas v Small,* 121 AD2d 622, 623; *Cola-Rugg Enters. v Consolidated Edison Co.,* 109 AD2d 726). Under this rule, venue of the action would therefore be properly placed in Ulster County where the automobile accident at issue occurred. While we are mindful of the fact that absent special circumstances venue of consolidated actions which have been commenced in different counties should be placed in the county where the first action was commenced *(see, Strasser v Neuringer,* 137 AD2d 750, 751; *T T Enters. v Gralnick,* 127 AD2d 651, 652), such a determination is also addressed to the sound discretion of the court. Here, the jurisdiction of the Supreme Court, Kings County, was first invoked. However, we conclude that such special circumstances exist to warrant deviation from this rule based upon the statutory directive of CPLR 504 (2) and the place where the cause of action accrued and, thus, the court did not abuse its discretion in finding that the interest of justice would be served by changing venue of the action to Ulster County. Thompson, J. P., Brown, Rubin and Eiber, JJ., concur.