■ MARC WOLFF et al., Appellants, v JUNE FRIEDMAN et al., Respondents.—In an action to recover the security deposit under a lease, the plaintiffs appeal from an order of the Supreme Court, Nassau County (Morrison, J.), dated February 20, 1987, which granted the defendants' motion to transfer venue to the Supreme Court, Onondaga County.

Ordered that the order is affirmed, with costs.

Pursuant to a lease, the plaintiffs Marc Wolff and Adam Malawista, students at Syracuse University, rented an apartment from the defendants, located in Onondaga County. Their parents, the plaintiffs Eugene Wolff and Fred Malawista, cosigned the lease as guarantors. At the termination of the lease, the defendants refused to return the plaintiffs' $500 security deposit and demanded payment for damages allegedly caused by the tenants to the leased premises in excess of the retained security deposit. The damages were allegedly repaired by independent contractors, residing in Onondaga County.

The plaintiffs subsequently commenced this action in the Supreme Court, Nassau County, to recover the security deposit. The defendants interposed a counterclaim to recover damages for property damage to the leased premises. Thereafter, the defendants moved for a change of venue to Onondaga County, pursuant to CPLR 510 (3).

We find that cause of action arose in Onondaga County and, absent cogent reasons to direct otherwise, venue should be in the county where the cause of action arose *(see, Cola-Rugg Enters. v Consolidated Edison Co.,* 109 AD2d 726; *Miller v Ward,* 14 AD2d 728; *see also, McComb v Hilton Hgts. Apts.,* 43 AD2d 972). The only nexus Nassau County has to this action on a contract made in Onondaga and providing for its performance in Onondaga County is the fact that it is the permanent residence of guarantor Eugene Wolff and tenant Marc Wolff. The latter, however, continues to reside in Onondaga County, while attending Syracuse University. Despite techni-

cal defects in the defendants' motion papers, they demonstrate that the convenience of the witnesses will be promoted by changing the place of trial to Onondaga County *(see, Chiappa v Macaluso,* 96 AD2d 895; *O'Neill v Kohls,* 12 AD2d 888; *Wilson v Orser,* 243 App Div 855). Mangano, J. P., Lawrence, Rubin and Kooper, JJ., concur.