■ RICHARD JANSEN et al., Respondents, v ARTHUR BERN-HANG et al., Appellants.—In an action to recover fees for architectural services, the defendants appeal from an order of the Supreme Court, Rockland County (Weiner, J.), dated July 29, 1988, which denied their motion to transfer venue of this action to the Supreme Court, New York County, pursuant to CPLR 510 (3).

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the Clerk of the Supreme Court, Rockland County, is directed to deliver to the Clerk of the Supreme Court, New York County, all papers filed in the action and certified copies of all minues and entries (CPLR 511 [d]).

The plaintiffs commenced this action in the Supreme Court,

Rockland County, to recover fees for architectural services performed with respect to the construction of a studio/garage on the defendants' premises in Suffolk County and the renovation of the defendants' apartment in New York County. The defendants deny full performance and have counterclaimed to recover damages for the plaintiffs' alleged breach of contract.

After commencement of the action in the county where the plaintiff Richard Jansen resides, the defendants moved for a change of venue to New York County on the ground that the convenience of material witnesses and the ends of justice would be promoted by the change. The party moving for a change of venue pursuant to CPLR 510 (3) has the burden of proof (see, Edwards v Lamberta, 42 AD2d 1003). The movant must supply the names, addresses and occupations of the witnesses whose convenience they claim will be affected; indicate that prospective witnesses have been contacted and are willing to testify on their behalf, and specify the substance of each witness's testimony, which must be necessary and material upon the trial of action (see, Radatron, Inc. v Z. Z. Auto Tel., 30 AD2d 760; Hurlbut v Whalen, 58 AD2d 311, 316; Brevetti v Roth, 114 AD2d 877, 878). Here, the movants' papers suffice to demonstrate that at least three prospective witnesses live in New York County whose testimony is material and necessary with respect to the issue of whether or not the plaintiffs performed their contractual duty to make periodic inspections during the alterations to the defendants' apartment in New York County to see that the work generally conformed to the construction documents. Moreover, it is apparent from the record that the majority of triable issues pertain to the parties' respective claims which arose from the contract made in New York County and providing for its performance in New York County. Absent cogent reasons to direct otherwise, venue should be in the county where the cause of action arose (see, Wolff v Friedman, 148 AD2d 448; Cola-Rugg Enters. v Consolidated Edison Co., 109 AD2d 726; Miller v Ward, 14 AD2d 728; see also, McComb v Hilton Hgts. Apts., 43 AD2d 972).

Once the defendants have submitted evidence to support a change of venue, as here, the plaintiffs are required to set forth evidence to establish the basis for their choice of venue (Thorner-Sidney Press v Merling Marx & Seidman, 115 AD2d 328). The plaintiffs have not identified any prospective non-party witness residing in Rockland County (see, Thorner-Sidney Press v Merling Marx & Seidman, supra) and the only nexus Rockland County has to this matter is the fact that it is

the residence of the plaintiff Jansen. Notwithstanding the rule that the "convenience of the parties themselves or that of their employees will not be considered" *(see, Stavredes v United Skates,* 87 AD2d 502), the plaintiffs can hardly claim any prejudice in having to travel to New York County for the trial of this matter because the plaintiffs maintain a professional office in New York County *(Mayer v Fleischner,* 92 AD2d 463).

In support of affirmance, the plaintiffs rely upon the general rule that absent special circumstances, venue will not be changed from a rural county to an urban county since the ends of justice are served by a speedy trial *(see, Edwards v Lamberta,* 42 AD2d 1003, *supra; Hojohn v Hamilton,* 78 AD2d 570). While the rule favoring venue in rural counties where speedy trials can be had is an important factor, it is not controlling and may be disregarded where other considerations, as here, outweigh it *(see, Kucich v Leibowitz,* 68 AD2d 1002; *A.M.I. Intl. v Gary Pool Sales & Serv.,* 94 AD2d 890). Accordingly, the denial of the defendants' motion constituted an improvident exercise of discretion. Mollen, P. J., Bracken, Rubin and Sullivan, JJ., concur.