CORA B. CREED et al., Respondents, v UNITED HOSPITAL et al., Appellants.—

It is well settled that, all other things being equal, a transitory action should be tried in the county in which the claim arose, absent cogent reasons warranting trial elsewhere *(see, Jansen v Bernhang,* 149 AD2d 468; *Wolff v Friedman,* 148 AD2d 448; *McDonald v Southhampton Hosp.,* 133 AD2d 814; *Thomas v Small,* 121 AD2d 622). While the papers submitted by the defendants in support of the requested change of venue do not establish the existence of a preponderance of nonparty witnesses in Westchester County, they do demonstrate that the cause of action arose there, that the majority of parties and material employee witnesses reside and/or work there, that all relevant medical and hospital records are kept there, and that presumably less Trial Calendar congestion will be encountered there *(see generally, Young Hee Kim v Flushing Hosp. & Med. Center,* 138 AD2d 252; *Thomas v Small, supra; Chiappa v Macaluso,* 96 AD2d 895). Conversely, the only nexus to Kings County is the plaintiffs' residence therein. Accordingly, under these circumstances, we conclude that the ends of justice will be promoted by the trial of the case in Westchester County. Mollen, P. J., Thompson and Brown, JJ., concur.

Mangano, J., concurs in part and dissents in part and votes to dismiss the appeal from the order dated October 5, 1988 and affirm the order dated March 2, 1989, insofar as appealed from, with the following memorandum: The plaintiffs properly designated the venue of the instant action in Kings County, since they resided there when the action was commenced (CPLR 503 [a]). Nevertheless, the majority is of the view that the Supreme Court improperly denied the defendants' motions to change venue from Kings County to Westchester County. I respectfully disagree.

A motion for a change of venue under CPLR 510 (3) is addressed to the sound discretion of the trial court, and absent an abuse or improvident exercise of that discretion, the court's determination will not be disturbed on appeal *(see, Filler v Cornell Univ.,* 147 AD2d 610; *McAdoo v Levinson,* 143 AD2d 819; *McDonald v Southhampton Hosp.,* 133 AD2d 814; *Wecht v Glen Distribs. Co.,* 112 AD2d 891).

The majority admits that the papers submitted by the defendants in support of the requested change of venue do not establish the existence of a preponderance of nonparty witnesses in Westchester County. Indeed, of the four potential

witnesses who allegedly will be inconvenienced by a trial in Kings County, one is a named defendant, i.e., Dr. Parker, and another, i.e., embryologist Ermine Ciaston, is an employee of one of the other defendants. It is well settled that the convenience of parties and their employees is not relevant to a determination of a change of venue motion under CPLR 510 (3) *(see, D'Argenio v Monroe Radiological Assocs.,* 124 AD2d 541; *Katz v Goodyear Tire & Rubber Co.,* 116 AD2d 506, 507). In addition, the defendants failed to demonstrate that the other two witnesses were nonparty witnesses. In this regard, the facts at bar are distinguishable from those in *Thomas v Small* (121 AD2d 622) where venue was changed from Kings County to distant Clinton County based, *inter alia,* on the convenience of five material, nonparty witnesses who resided in Clinton County. Further, the defendants' papers fail to set forth (1) that the potential witnesses have been contacted and have agreed to testify, and (2) the nature of their anticipated testimony *(Alexandre v Pepsi-Cola Bottling Co.,* 150 AD2d 742; *Jansen v Bernhang,* 149 AD2d 468; *Ferrigno v General Motors Corp.,* 134 AD2d 479).

The fact that all relevant medical and hospital records are kept in Westchester County "demonstrates no real inconvenience since they could be mailed to the court" *(D'Argenio v Monroe Radiological Assocs., supra,* at 542).

While rural counties are slightly favored over urban ones by virtue of the fact they can afford the litigants a speedier trial *(Jacobson v Leaseway of E. N. Y.,* 107 AD2d 798; *Wecht v Glen Distribs. Co.,* 112 AD2d 891, *supra; Thomas v Small,* 121 AD2d 622, 624, *supra),* Westchester County does not, in my view, qualify as a rural county.

Accordingly, the order appealed from should be affirmed *(see also, Feldman v North Shore Univ. Hosp.,* 157 AD2d 831).