■ VALLEY VIEW ESTATES, INC., et al., Respondents, v AVRAM CIMMERING, Appellant.—In an action to recover damages for breach of contract and fraud, the defendant appeals from an order of the Supreme Court, Kings County (Vinik, J.), dated May 9, 1988, which denied his motion for a change of venue to Orange County.

Ordered that the order is reversed, without costs or disbursements, the motion is granted, and the Clerk of the Supreme Court, Kings County, shall deliver to the Clerk of the Supreme Court, Orange County, all papers filed in the action and certified copies of all minutes and entries.

The contract at issue in this case relates to the sale of certain property located in New Windsor, New York. The property in question is subject to a judgment of foreclosure entered in Orange County. The parties' affidavits contain conflicting assertions as to where the contract was negotiated. However, several relevant documents contain indications that they were drawn up, and possibly executed, in New Windsor.

The plaintiffs originally designated Kings County as the venue for trial solely upon the basis that they are located within that county. There does not seem to be any other significant connection between Kings County and the issues involved or the parties. The defendant made a motion to change venue to Orange County on the basis that numerous witnesses reside either in that county or in adjacent counties, or in counties further to the north. The defendant personally averred that several of these witnesses "will testify" with

respect to various relevant issues, and described, albeit briefly, what the nature of each such witness's testimony would be.

Considering all of the relevant factors, including the calendar conditions which prevail in the two counties, we hold that the motion for a change of venue should have been granted (CPLR 510 [3]; *see generally, Jansen v Bernhang,* 149 AD2d 468). In the exercise of our discretion, we conclude that the relevant factors weigh in favor of placing venue in Orange County. Bracken, J. P., Rubin, Rosenblatt and Miller, JJ., concur.