■ QUICK CONSTRUCTION CORP., Respondent, v LORIBETH THEATRES, INC., et al., Appellants.—In an action, *inter alia,* to recover damages for breach of contract, the defendants appeal from an order of the Supreme Court, Nassau County (O'Brien, J.), dated October 12, 1990, which denied their motion to change the place of trial from Nassau County to Orange County.

Ordered that the order is reversed, as a matter of discretion, with costs, the motion is granted, and the Clerk of the Supreme Court, Nassau County, is directed to deliver to the

Clerk of the Supreme Court, Orange County, all the papers filed in the action and certified copies of all minutes and entries (see, CPLR 511 [d]).

The plaintiff commenced this action in the Supreme Court, Nassau County, to recover damages for the breach of an alleged contract with respect to the construction of a theater complex in Orange County. Upon the execution by the parties of this alleged contract, the defendants delivered a $50,000 check to the plaintiff, although the alleged contract called for a $100,000 payment upon the signing of the contract. The defendants stopped payment of this check, and the plaintiff now seeks the $50,000 plus $70,000 for profits lost owing to the breach of the alleged contract.

After commencement of this action in Nassau County where the plaintiff has its primary place of business, the defendants moved for a change of venue to Orange County on the ground that the convenience of material witnesses and the ends of justice would be promoted by the change (see, CPLR 510 [3]). When a party moves for a change of venue pursuant to CPLR 510 (3), the "movant must supply the names, addresses and occupations of the witnesses whose convenience they claim will be affected; indicate that prospective witnesses have been contacted and are willing to testify on their behalf, and specify the substance of each witness's testimony, which must be necessary and material upon the trial of action" (Jansen v Bernhang, 149 AD2d 468, 469). Here, the defendants' motion papers sufficiently demonstrate that there are two prospective witnesses who live in Orange County whose testimony is material and necessary with respect to the issue of whether the agreement was an estimate subject to subsequent approval or a binding contract. Moreover, the ends of justice would be served by changing the venue of this trial from Nassau County to Orange County since a speedier trial can be had in the more rural Orange County. Furthermore, "[a]bsent cogent reasons to direct otherwise, venue should be in the county where the cause of action arose" (Jansen v Bernhang, supra, at 469). In this case, since the alleged contract was negotiated and signed in Orange County and the work to be performed under the agreement was in Orange County, the breach of contract cause of action arose in Orange County. Conversely, the only nexus to Nassau County is the plaintiff's business office. Accordingly, under these circumstances, we conclude that the ends of justice will be promoted by the trial of this case in Orange County. Bracken, J. P., Lawrence, Miller, Copertino and Santucci, JJ., concur.