■ KAREN GENNARO, Appellant, v MURIEL GROSSFELD, Doing Business as GROSSFELD'S GYMNASTIC CLINIC OF HOBART COLLEGE, et al., Defendants and Third-Party Defendants, GENEVA GENERAL HOSPITAL, Defendant and Third-Party Defendant-Respondent, and COLLEGES OF SENECA, Doing Business as HOBART COLLEGE, Defendant and Third-Party Plaintiff.—In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Hurowitz, J.), entered October 10, 1990, which granted the motion of the third-party defendant Geneva General Hospital to change venue from Kings County to Ontario County.

Ordered that the order is affirmed, with costs.

While CPLR 511 (a) requires that a motion to change venue based on the convenience of the material witnesses be made within "a reasonable time", it is well settled that it may be made any time before the trial and is addressed to the sound discretion of the trial court *(see, Morale v La Grange Inn,* 160 AD2d 783; *Toro v Gracin,* 148 AD2d 364; *Korman v City of New York,* 89 AD2d 888).

Under the circumstances of this case, we cannot conclude that the Supreme Court improvidently exercised its discretion in transferring the venue of this action from Kings County to Ontario County. The three-year delay in bringing the motion is outweighed by the factors favoring the transfer *(see, Wendal v Memorial Hosp.,* 182 AD2d 617). Ontario County is where the injury occurred and is where the medical records and hospital personnel who treated the plaintiff are located. We note that the only demonstrated nexus to Kings County is that the plaintiff, who has since moved, resided there at the time she commenced the action *(see, Creed v United Hosp.,* 158 AD2d 654). Mangano, P. J., Sullivan, O'Brien, Ritter and Pizzuto, JJ., concur.