MOSES ABRAHAMS, on Behalf of Himself and All Other Stockholders of REMINGTON RAND, INC., Similarly Situated, Respondent, v. JAMES H. RAND, JR., et al., Defendants, and JAMES G. BLAINE et al., Appellants.

First Department, February 26, 1952.

*Bruce A. Hecker* of counsel (*Inzer B. Wyatt* with him on the brief; *Sullivan & Cromwell,* attorneys), for James G. Blaine and other individuals, appellants.

*Wm. Francis Corson* of counsel (*Sol Irving Sokolsky* with him on the brief; *Garey & Garey,* attorneys), for Remington Rand Inc., appellant.

*Joseph D. Allen* for Leeford Advertising Agency, Inc., appellant.

*Emil K. Ellis* of counsel (*Abraham J. Heller* and *Jonas Ellis* with him on the brief; *Emil K. Ellis,* attorney), for respondent.

CALLAHAN, J. This is a stockholder's derivative action on behalf of the defendant Remington Rand, Inc. The individual defendants are alleged to have participated or acquiesced in wasteful acts to the detriment of the corporation through the instrumentality of the defendant Leeford Advertising Agency, Inc.

The plaintiff has obtained a direction for examination of the Remington and Leeford corporations before trial, with discovery and inspection of books and records.

We think that the pretrial examination of the Remington corporation and discovery were improperly granted. The answer of this defendant raised no issues as to the allegations of the complaint. Under such circumstances the plaintiff and the corporation are not adverse parties within the meaning of section 288 of the Civil Practice Act.

The case of *Mencher* v. *Richards* (283 N. Y. 176) held nothing to the contrary. The record and briefs on appeal in that case indicate that the only question raised was whether the subject matter of the examination was barred by the Statute of Limitations. The opinion of the Court of Appeals states that the action was to be treated as if the corporation was the plaintiff in order to decide what period of limitation was applicable. We see no reason for treating the Remington corporation differently in the present situation.

There is an additional reason for denying pretrial examination of the Remington corporation. The complaint is based entirely on information and belief. The moving affidavits make no attempt to disclose the sources of the plaintiff's information or the grounds for his belief. It is quite apparent that he has no personal knowledge in the premises. Nor are any facts stated from which the court may determine whether reasonable grounds exist for believing that an examination would tend to establish the matters charged in the complaint. If an examination before trial can be had for the mere asking on naked charges alleged on information and belief and no more, then a party, in effect, is being examined to ascertain whether a cause of action exists. The parties to an action like the present should not be harassed by an examination before trial without a credible showing of facts warranting such examination.

We find that the examination of the Leeford corporation before trial, as distinguished from discovery, was not opposed, although there is a dispute as to what officer should be examined. Under the circumstances, we find that it should be conducted through Sylvia H. Chesley, its treasurer, without prejudice to

further examination through other officers to the extent that the necessity and propriety of such additional examination may thereafter be shown. The provisions for discovery, however, should be stricken, and any necessary books within the control of Leeford or otherwise capable of production may be used pursuant to section 296 of the Civil Practice Act.

The orders appealed from should be modified accordingly, and, as so modified, affirmed, with one bill of $20 costs and disbursements to the appellants. Settle order.

SHIENTAG, J., (concurring). I concur in the result but wish to point out that the denial of the motion to examine the defendant Remington Rand, Inc. before trial should be without prejudice and with leave to renew upon proper papers which shall set forth facts showing some basis for the claims of waste and mismanagement which are alleged entirely upon information and belief, without disclosing the sources of the information or the grounds for the belief. In a derivative stockholder's action a corporation, in behalf of whose stockholders the action is brought, is a necessary party defendant. The corporation in such an action occupies an anomalous position. Even if it is a nominal defendant, the plaintiff is entitled to examine that corporate defendant before trial. Such examination is material and necessary for the establishment of the cause of action asserted by the plaintiff. Because of the anomalous position which it occupies, the corporate defendant in a derivative stockholder's suit may also occupy a position adverse to that of the individual defendants who are sued for wrongs alleged to have been perpetrated against the corporation. In *Chaplin* v. *Selznick* (186 Misc. 66) I held that individual defendants might examine the corporate defendant before trial in a derivative stockholder's suit. That holding, however, in no way militates against the right of the plaintiff, upon a proper showing, to an examination of the corporate defendant before trial.

DORE, J. P., COHN and VAN VOORHIS, JJ., concur with CALLAHAN, J.; SHIENTAG, J., concurs, in opinion.

Orders unanimously modified in accordance with the opinion herein and, as so modified, affirmed, with one bill of $20 costs and disbursements to the appellants. The date for the examination to proceed shall be fixed in the order. Settle order on notice. [See *post,* p. 1006.]