Arthur G. Klein, J.
In a stockholders’ derivative suit, the first cause of action of which is based on waste of corporate assets by virtue of the improper payment, pursuant to a resolution of the board of directors of Emerson Radio and Phonograph Company, to the wife of a deceased director, of the sum of $10,000 per year for a period of 10 years or for the rest of her life, whichever be shorter, the plaintiff has moved for summary judgment. One of the defendants has cross-moved for summary judgment dismissing the complaint against him on the ground that he was not a director at the time of the adoption of the resolution.
In the second cause of action plaintiff charges that the individual defendants bearing the name Abrams participated in allowing excessive reimbursement to themselves. All defendants cross-move for dismissal of that cause of action.
It appears from the motion papers that Louis Abrams, the deceased, was one of the founders of the Emerson phonograph corporation over 40 years ago, and that under his leadership and that of the Abrams family it has grown to occupy an enviable position in the electrical world. The Emerson corporation maintained a pension fund for its employees.
When Louis’ duties were changed in 1956 so that he was to head two wholly-owned subsidiary corporations which had no pension plan, and he expressed concern over his loss of coverage, he was assured that if he continued in that post the Emerson corporation would provide him with reasonable benefits upon his retirement, or provide his family with reasonable death benefits.
Complaint is made by the plaintiff that the Statute of Frauds barred the corporation from carrying out the agreement; and that the allowance of benefits constituted a waste of corporate assets.
*7 The decision to provide Louis with death benefits was obviously a managerial decision, one embedded in the powers and duties of the board of directors of a corporation (Cohn v. Columbia Pictures Corp., 117 N. Y. S. 2d 809, 817 [Sup. Ct., N. Y. County, 1952]).
It is immaterial that his new employment was by subsidiary corporations. The services he had rendered in the past and was to continue to render in the future were entirely for the benefit of the parent corporation (3 Fletcher’s Cyclopedia Corporations, § 613, p. 747). And even if the Statute of Frauds might earlier have been a bar to enforcement of the contract as a promise to answer for the debt of another, the bar is removed by virtue of the performance of that contract by the corporation.
Finally, the Statute of Frauds is a matter of defense, only, a shield and not a sword; and a personal defense, in no event available to a third party. Thus, it is not available to this plaintiff.
Since the court is convinced that there is no merit to the first cause of action, summary judgment is accordingly granted dismissing it, as to all defendants, although not specifically moved for. (CPLR 3212, subd. [b].)
The second cause of action is, as it reads, too vague and conclusory to stand. (Gerdes v. Reynolds, 281 N. Y. 180, 184; Foley v. D’Agostino, 21 A D 2d 60.) This cause of action is dismissed, with leave to plaintiff to replead, as requested.
(Motion to Vacate.)
Plaintiff moves to vacate an order of this court, entered October 19, 1965, which denied plaintiff’s motion for summary judgment and granted summary judgment to defendants under CPLR 3212 (subd. [b]) as to the first cause of action, and dismissed the second cause of action with leave to plaintiff to replead. The present motion is bottomed on the entry of the order on October 19, more than 60 days following the submission of the motion at Special Term on July 29, 1965 (CPLR 2219, subd. [a]). The motion was decided by memorandum dated September 30,1965, or 63 days f ollowing submission. An appeal has been taken from the order of October 19.
1.
It is noted that this motion is addressed not to the time interval between submission and decision, but rather to the time interval between submission and order,
*8 Subdivision (f) of rule VIII of the Buies of the Supreme Court, Bronx and New York Counties, provides: “ Where the court directs in any decision upon a motion that a long form order either be settled or submitted for signature, the proposed order must be presented for signature within thirty days (30) of the date of decision.”
Bead together with subdivision (a) of CPLB 221.9, which provides that “ an order determining a * * * motion shall be made within sixty days, after the motion is submitted for decision ” the time within which the court should render a decision on a motion would appear to be shortened to 30 days — obviously an unintended result.
2.
A party who deems himself entitled to the relief here sought “ should not abstain from making such an application and await a disposition of the matter and, if not favorable, [then] move for such relief”. (Empire Grafts Corp. v. Grace China Co., 40 Misc 2d 957, 959 [Sup. Ct., Kings County, 1963, construing Civ. Prac. Act, § 442], affd. 20 A D 2d 851 [2d Dept., 1964]; Mix v. Tarazskiewicz, 24 A D 2d 808, 809 [3d Dept., 1965, construing CPLB 4213]; cf. Láveme, Inc. v. Littell, 14 A D 2d 261 [1st Dept., 1961]; if the motion for a new trial under .section 442 of the Civil Practice Act is made shortly after the expiration of the 60-day period but before the decision is rendered, the order for a new trial may be conditioned upon the handing down of a decision within an additional specified time.)
By awaiting a decision and by further awaiting an order which happens to have been adverse, plaintiff has barred himself from the relief which he now seeks; and is now estopped from any collateral attack. (Cf. Matter of Malloy, 278 N. Y. 429, 433 [1938]; Stevenson v. News Syndicate Co., 302 N. Y. 81 [1950].)
3.
Finally, a statute which directs a public officer to do a thing within a certain time, without negative words restraining him from doing it afterwards, is regarded as merely directory, and not as a limitation on his authority. (Barnes v. Badger, 41 Barb. 98, 99 [Sup. Ct., 1857]; Matter of Broadway Widening, 63 Barb. 572 [Sup. Ct., 1872]; Matter of Hennessy, 164 N. Y. 393 [1900], collated in Fallon v. Hattemer, 229 App. Div. 397 [2d Dept., 1930]; Leumi Financial Corp. v. Richter, N. Y. L. J., March 29, 1965, p. 15, col. 4 [construing CPLB 2219, subd. (a)]; 1 Cooley, Constitutional Limitations [8th ed., 1927], p. 154 et seq.; “ The ngt effect. of the provision [in CPLB 2219. *9 subd. (a)] will probably be precatory”. (2 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 2219.01.)
Cases cited by plaintiff construing section 119 of the New York City Municipal Court Code, which provided for alternative relief, have, accordingly, no application.
The motion is in all respects denied.