■ BARNETT STEPAK, Appellant, v ALEXANDER'S, INC., et al., Defendants, and MILTON E. MERMELSTEIN, Respondent. BARNETT STEPAK, Respondent-Appellant, v ALEXANDER'S, INC., et al., Appellants-Respondents, and JONATHAN FARKAS et al., Defendants. BARNETT STEPAK, Appellant, v ALEXANDER'S, INC., et al., Defendants, and ALEXANDER FARKAS, et al., Respon-

dents.—These consolidated appeals are decided as follows: Order, Supreme Court, County of New York, entered on February 17, 1976, denying plaintiff's motion for a protective order from defendant Milton E. Mermelstein's notice of examination, and the court directing that all issues raised at the pretrial examination be decided by the Judge then sitting in Special Term, Part 2, is unanimously affirmed, without costs and without disbursements. The parties clearly have a right to examination under CPLR 3101, and Special Term, Part 2, is properly the forum in which to resolve any issues that may arise at that time. Documents relied upon should be available to the defendant since it appears that there is a bona fide lack of knowledge as to what documents the plaintiff relied upon in instituting this action. This is not a blanket request for all correspondence, memoranda and documents. Defendant Mermelstein merely seeks the production of documents relied upon by plaintiff to bring on the action, and is not attempting to gain insight into plaintiff's trial strategy. The parties are directed to appear for the purpose of pretrial examination at Special Term, Part 2, of the Supreme Court, New York County, within 20 days of service of a copy of the order to be entered hereon, or at such other time and place as the parties may agree. Order, Supreme Court, County of New York, entered April 12, 1976: (1) granting defendants Alexander's, Inc., Alexander Farkas, Bruce R. Farkas, Robin L. Farkas, and Milton E. Mermelstein their motion for a protective order vacating plaintiff's notice for discovery and inspection of documents; and (2) denying plaintiff's cross motion to compel such discovery with leave to renew after examination before trial upon a showing of relevancy and necessity for specific documents sought for production; and (3) granting plaintiff's cross motion for an order directing examination before trial of defendant Alexander's, Inc. is unanimously affirmed, without costs and without disbursements. Special Term properly denied plaintiff's motion for discovery. In stockholder's derivative actions the possibility of ill-founded claims for the purpose of harassment is ever present and a protective order should issue unless plaintiff presents " 'factual allegations of evidentiary value to establish the charges of improper conduct' " (*Nomako v Ashton,* 20 AD2d 331, 334 citing *Mann v Luke,* 272 App Div 19, 23), and such factual allegations do not seem to be present here. As a rule, examination of plaintiffs in derivative suits are not favored. Here plaintiff has demonstrated special circumstances and a sufficient basis for examination. (See *Tel-A-Sign v Weesner,* 237 NYS2d 420). Order, Supreme Court, New York County, entered June 17, 1976, granting defendants Alexander Farkas, Bruce R. Farkas, Robin L. Farkas, Ruth L. Farkas and George Farkas their motion for a protective order from plaintiff's notice of deposition, such protective order being without prejudice to plaintiff's right to seek further disclosure as it deems appropriate after the completion of disclosure by the defendant, and after completion of its examination of the defendant Alexander's is unanimously affirmed, without costs and without disbursements. The protective order was granted without prejudice to plaintiff's right to seek further disclosure after completion of the examination before trial of defendant Alexander's, Inc. The plaintiff's remedy herein is being adjourned rather than foreclosed. (See *Rios v Donovan* 21 AD2d 409.) In none of the foregoing matters is there evidence that Special Term Justices abused their discretion. Concur—Lupiano, J. P., Silverman, Evans and Markewich, JJ.