■ HARRY LEWIS et al., Suing on Behalf of AITS, INC., Appellants, v MESHULAM RIKLIS et al., Respondents. — Orders, Supreme Court, New York County (Myers, J.), entered on March 6, 1980, which granted the consolidated motions of defendants for a protective order, and denied plaintiffs an examination of the corporate defendant, AITS, Inc., affirmed, without costs. The individual defendants are directors of the defendant corporation with Riklis being the president of the company and cochairman of the board of directors. The complaint, in mere conclusory fashion, seeks damages for alleged corporate waste. The dissent concedes that in a derivative action a "protective order should issue unless plaintiff presents '"factual allegations of evidentiary value to establish the charges of improper conduct"'" *(Stepak v Alexander's, Inc.,* 58 AD2d 520, 521). However, the position espoused by our colleague would violate this very principle. The complaint sets forth allegations of alleged wrongdoing, all of which are made upon information and belief. In addition, these pleadings do not set forth any specific allegations showing that the award of a contingent bonus to the president of the company was in bad faith or otherwise constituted improper conduct. In fact there is no dispute that during Riklis' tenure as president of the company, the corporate earnings increased in a four-year period from a net loss to a net profit of six million dollars. It is also important to note that the bonus contested herein was fully disclosed in public filings and was made contingent upon the defendant corporation maintaining a certain established earnings level. It is, therefore, obvious that the issuance of this bonus was an added incentive to defendant Riklis to continue to increase the profits of the corporation. The allegations of the plaintiffs, in conclusory form, based upon information and belief, do not establish a sufficient factual showing, evidentiary in nature *(Nomako v Ashton,* 20 AD2d 331) to entitle the derivative shareholder to the type of examination sought. The complaint can simply be classified as a fishing expedition, which courts of this State refuse to countenance *(Abrahams v Rand,* 279 App Div 401). Concur — Ross, J.P., Markewich, Silverman and Fein, JJ.

Bloom, J., dissents in a memorandum as follows: Plaintiff appeals from an order of Special Term granting defendants' motions for a protective order. The action is a derivative stockholders' action seeking recovery against the directors of AITS, Inc., for alleged specific acts of waste.* The individual defendants

---

* At the time of the commencement of the action Lewis was the sole plaintiff. We are informed by respondent's brief, although not part of the record, that he has since been joined by 405 shareholders of AITS.

are directors of AITS, a Massachusetts corporation. AITS, through a wholly owned Nevada subsidiary, operated the Hotel Riviera, a Las Vegas Hotel gambling-casino complex. The complaint alleges that Riklis, by virtue of his control of AITS as director, president and dominating stockholder, prevailed upon the board of directors to confer upon him the right to purchase 330,000 shares of the common stock of AITS at a payment of $7.50 per share to be paid in six installments. The first installment, which amounted to $660,000 fell due in May, 1979. At that time AITS announced that it had granted a bonus of $660,000 to Riklis, contingent upon the projected earnings of AITS, with the proviso that if the projected earning levels were not reached, he might nevertheless keep the bonus until June 30, 1983, at which time he was to repay it without interest or at a nominal rate of interest. In announcing the bonus AITS declared that it constituted the initial payment due for the purchase of the 330,000 shares of stock. This suit was thereafter brought. Much of the information upon which it is based is a certain Form 10-K which AITS was required to file. After issue was joined plaintiff served a notice to take the deposition of AITS in Newton, Massachusetts. Defendants moved for a protective order. Special Term granted the order. I would reverse. I am aware of the rule that "In stockholder's derivative actions the possibility of ill-founded claims for the purpose of harassment is ever present and protective order should issue unless plaintiff presents 'factual allegations of evidentiary value to establish the charges of improper conduct'" *(Stepak v Alexanders, Inc.,* 58 AD2d 520, 521). Were the issue one of the bonus only, I might be persuaded to hold the question one of business judgment with which we ought not interfere. Here, however, the issue goes beyond that. The loan of $660,000 at no interest or at a nominal interest, in these days of soaring interest rates, for failure to meet the projected earnings level smacks of a giveaway of corporate funds. Sufficient has been alleged in evidentiary form to warrant inquiry. Although alleged upon information and belief, the allegations find their source in a form filed by AITS with some public agency. I would hold that the threshold basis for examination has been met. Accordingly, I would reverse the order appealed from and deny the motion for a protective order.