■ JORDAN E. PAPPAS et al., Respondents-Appellants, v RESOLUTION TRUST CORPORATION, as Receiver of COLUMBIA BANKING FEDERAL SAVINGS ASSOCIATION, Defendant, and NATIONAL MORTGAGE COMPANY, Now Known as BOATMEN's NATIONAL MORTGAGE COMPANY, Appellant-Respondent. [682 NYS2d 494] —Judgment unanimously reversed on the law without costs, amended petition granted in part and judgment granted in accordance with the following Memorandum: At issue on this appeal and cross appeal is the principal balance due and the applicable interest rate on a consolidated mortgage. The record contains three underlying mortgages that were executed by plaintiff Jordan E. Pappas, as President of Raceway South Corporation (Raceway), in favor of Columbia Banking Federal Savings Association (Columbia). Although not reflected by any document in the record, it is undisputed that those mortgages were consolidated in April 1969 in the amount of $170,000 for a 25-year term at an annual interest rate of 8%. Monthly payments of $1,312.10 were required to pay off the loan in 25 years.

In 1980, Pappas acquired title to the property secured by the consolidated mortgage from Raceway subject to a mortgage recorded March 28, 1969 in the Ontario County Clerk's Office in Book 430 of Mortgages at page 253. That mortgage is one of the three mortgages consolidated in 1969.

In May 1989, some 20 years after the consolidation, Columbia advanced Pappas an additional $18,098.54, and that amount was added to the principal of the consolidated mortgage. The agreement in the record, dated May 16, 1989, recites that the mortgagor represents that there is now remaining unpaid on said mortgage $161,561.24 plus interest. No rate of interest or amount of payment is mentioned.

In the early 1990s Columbia went into receivership and defendant National Mortgage Company, now known as Boatmen's National Mortgage Company (Boatmen's), began to service the mortgage. It is undisputed that no file concerning the mortgage was ever forwarded to Boatmen's.

In 1992 Pappas formed a partnership with plaintiff Peter Psyllos, who purchased an undivided one-half interest in the mortgaged property. The deed between Pappas and Psyllos recites that Psyllos assumed a mortgage with a principal balance of $156,115.49 at an annual interest rate of 9%.

In June 1994 plaintiffs, who had been paying $1,312.10 per month for 25 years, filed a petition pursuant to RPAPL 1921 seeking a discharge of the consolidated mortgage, having apparently forgotten about the additional loan made to Pappas in 1989. After trial on the petition, Supreme Court determined that plaintiffs were not entitled to a discharge and dismissed the petition, but authorized plaintiffs to file an amended petition "alleging grounds for a determination of the unpaid balance due on the consolidated mortgages". Plaintiffs filed and served an amended petition seeking that relief, and a further trial was conducted. Plaintiffs offered proof that the principal balance owing on the consolidated mortgage as of June 1994 was $26,963.11, which represents the $18,098.54 addition to principal in 1989, with interest at 8% per year.

Boatmen's relied on the 1989 agreement between Columbia and Pappas as conclusive proof that the principal balance on May 16, 1989 was $161,561.24. It further relied on several documents between Pappas and Psyllos involving the 1992 transaction to prove that the principal balance on that date was $156,115.49 and that the interest rate was 9%, not the original 8%. It asserted that the interest rate was increased after plaintiffs defaulted on the mortgage, although it conceded that it had no proof of any default or that the interest rate was otherwise validly changed from 8% to 9%.

The court concluded that Boatmen's proved that the principal balance was $161,561.24 on May 16, 1989, but failed to prove that the original interest rate of 8% had been increased to 9%. The court then reduced the principal balance by $64,710.10,

which is the principal balance that would have been due under the terms of the consolidated mortgage on May 16, 1989 if all monthly payments had been timely made at an interest rate of 8%. The court concluded that there was a net balance due of $98,851.14, with "interest at the annual rate of 8% from the date of the last payment made by plaintiffs". It granted Boatmen's a judgment in that amount and directed plaintiffs to pay the amount upon tender of a discharge of the consolidated mortgage by the attorney for Boatmen's. Boatmen's appeals and plaintiffs cross-appeal.

The court properly determined that the interest rate had not been validly increased from 8% to 9%. It was undisputed that the interest rate on the consolidated mortgage was 8%. Inasmuch as a modification of a mortgage term, including the interest rate, is governed by the Statute of Frauds, it must be in writing to be enforceable (*see,* General Obligations Law § 5-703 [1]; *Hallaway Props. v Bank of New York,* 155 AD2d 897, *lv denied* 75 NY2d 711). Boatmen's failed to meet its burden of proving that the interest rate of the mortgage was validly increased from 8% to 9%. Its reliance on the 1989 agreement to satisfy the Statute of Frauds is misplaced. That agreement contains no reference to the interest rate. The 1992 documents are also insufficient to satisfy the Statute of Frauds. The "confluence of memoranda" argument of Boatmen's lacks merit because Columbia was not a party to any of those documents and the documents merely incorporated Columbia's figures (*see, Rothvoss & Sons v Estate of Neer,* 139 AD2d 37).

The court erred, however, in determining that Boatmen's met its burden of proving that the recitation in the 1989 agreement between Pappas and Columbia with respect to the principal balance of the mortgage is conclusive. The court's determination of the amount then due is inconsistent with the court's conclusions that every monthly mortgage payment was timely made and that the interest rate remained at 8%. If, as the court properly determined, every mortgage payment was timely made and the interest rate remained at 8%, the principal balance of the mortgage on May 16, 1989 after the $18,098.54 addition would have been $82,808.64, not $161,561.24. The court's determination of the amount due results in unjust enrichment to Boatmen's. Where, as here, there is a mistake of fact, "a court acting in equity may rescind the contract if failing to do so would result in unjust enrichment" (*Weissman v Bondy & Schloss,* 230 AD2d 465, 469, *lv dismissed* 91 NY2d 887). The record establishes that the intent of the 1989 agreement was to add $18,098.54 to the principal.

The argument of Boatmen's that General Obligations Law § 5-705 estops plaintiffs from contesting the principal balance and interest rate recited in the assumption clause of the 1992 deed between Pappas and Psyllos, i.e., $156,115.49 at an annual interest rate of 9%, is not properly before us. Neither estoppel nor General Obligations Law § 5-705 was raised in the amended answer of Boatmen's or at trial. Were we to reach the merits, we would conclude that plaintiffs are not estopped by the statute from contesting the recital in the deed's assumption clause. Pappas acquired his interest in the property subject to one of the three mortgages that was consolidated. Psyllos could not have assumed the mortgage regardless of the language in the 1992 deed because his grantor, Pappas, never assumed the mortgage (*see, Wager v Link,* 134 NY 122, 124-125; *accord, Clinton v Buffalo Land Sec. Co.,* 55 App Div 440, *affd* 166 NY 621). The assumption clause in the deed between Pappas and Psyllos is not enforceable.

The issue whether plaintiffs are personally liable on the mortgage also is not properly before us.

Thus, the court erred in granting judgment in favor of Boatmen's in the sum of $98,851.14 plus interest from May 1, 1994. We grant judgment declaring that, on June 1, 1994, there was a balance due on the mortgage of $26,963.11 plus interest at 8% per year, that plaintiffs owe the amount of any taxes paid by Boatmen's above the amount in plaintiffs' escrow account and that, upon tender of those amounts, plaintiffs are entitled to a discharge of the consolidated mortgage. (Appeals from Judgment of Supreme Court, Monroe County, Ark, J.— Declaratory Judgment.) Present—Pine, J. P., Lawton, Hayes, Callahan and Fallon, JJ. (Filed Oct. 7, 1998.)