ONEBEACON AMERICA INSURANCE COMPANY, Respondent, v NL INDUSTRIES, INC., Appellant, and CERTAIN UNDERWRITERS AT LLOYD'S LONDON et al., Respondents, et al., Defendants. [841 NYS2d 543]—

Order, Supreme Court, New York County (Helen E. Freedman, J.), entered March 15, 2006, which, in a declaratory judgment action by plaintiff OneBeacon America Insurance Co. (OneBeacon) involving its obligation to defend and indemnify defendant NL Industries, Inc. (NL) against certain underlying claims, denied NL's motion to dismiss the complaint, reversed, on the law, with costs, the motion granted and the complaint dismissed. The Clerk is directed to enter judgment accordingly.

We disagree with the dissent's conclusion that OneBeacon's filing of this action four days prior to the expiration of the Standstill Agreement did not constitute a breach of that agreement warranting the action's dismissal. To be sure, as the dissent indicates, it does not appear on this record that, as a result of such breach, OneBeacon won a race to the courthouse that it

otherwise might have lost. After all, NL did not commence its Texas action against OneBeacon (and the other insurance companies named as defendants in this action), an action that raises substantially the same issues that are raised in this action, until November 8, 2005, some 39 days after the expiration of the Standstill Agreement and 29 days after OneBeacon served NL with its complaint.

Nonetheless, OneBeacon and NL expressly agreed in the Standstill Agreement that if either party filed an action in violation thereof, the other party could "seek dismissal, without prejudice, that remedy being hereby agreed upon between the parties." OneBeacon and NL also expressly agreed that "[t]his Standstill Agreement shall be governed by Texas law." "Under Texas law, parties to a contract may agree to the remedy to be applied in the event of breach. The remedy will be enforced by the courts so long as it is not illegal or against public policy" (*Sowell v Natural Gas Pipeline Co. of Am.*, 604 F Supp 371, 380 [ND Tex 1985], *affd* 789 F2d 1151 [5th Cir 1986]).

Instead of disputing this point of Texas law, OneBeacon argues that, "at wors[t], OneBeacon's filing of this lawsuit was a mere technical breach, . . . one that did NL no harm whatsoever, and should not be the basis for the harsh remedy of dislodging this action from its proper forum." In support of this latter proposition, i.e., that Supreme Court properly disregarded the agreed-upon remedy of dismissal without prejudice, OneBeacon does not cite any Texas precedent. Rather it cites only a New York precedent, *Jacob & Youngs, Inc. v Kent* (230 NY 239 [1921]), in which Judge Cardozo stated, "[t]here will be no assumption of a purpose to visit venial faults with oppressive retribution" (*id.* at 242). As NL correctly notes, although *Jacob & Youngs* is a breach of contract case, putting aside that it is not a Texas breach of contract case, the contract at issue therein did not specify the remedy for a breach.*

Here, of course, the parties did agree upon and specify the remedy (*cf. Jacob & Youngs*, 230 NY at 243 ["This is not to say that the parties are not free by apt and certain words to effectuate a purpose that performance of every term shall be a condition of recovery"]). OneBeacon essentially asks that a new clause be written into the Standstill Agreement, one specifying

---

* As Judge Cardozo went on to state, the remedy for a breach of contract can depend on whether the breach was committed by a "willful transgressor" or a "transgressor whose default is unintentional" (*Jacob & Youngs*, 230 NY at 244). To the extent Texas law is in accord, enforcing the agreed-upon remedy would have the added benefit of obviating the need to litigate whether the breach was willful or intentional.

that the parties agreed to dismissal without prejudice as the remedy for a breach, "provided that the breach is a material or nontechnical one." In this regard, Texas law does not support OneBeacon (*Royal Indem. Co. v Marshall*, 388 SW2d 176, 181 [Tex 1965] ["Courts cannot make new contracts between the parties, but must enforce the contracts as written"]).

Moreover, as the Texas Supreme Court has stated, parties enter into liquidated damages clauses when damages for breach would be "difficult if not impossible to ascertain" (*BMG Direct Mktg., Inc. v Peake*, 178 SW3d 763, 766 [Tex 2005]). Furthermore, "[b]y entering into these contractual arrangements, the need for the nonbreaching party to prove actual damages is obviated" (*id.* at 767 [internal quotation marks and citation omitted]). These authoritative statements about liquidated damages clauses analogously apply to the remedy clause in this case. Because that remedy "is not illegal or against public policy" (*Sowell*, 604 F Supp at 380), we have no basis for concluding that it would not be enforced by Texas courts.

The dissent concludes that this particular breach of the Standstill Agreement was an immaterial one. While that conclusion is far from unreasonable, the point is that the remedy clause of the Standstill Agreement was written to apply to all breaches. The parties must have contemplated that the extent of the prejudice to the nonbreaching party was variable, and nothing in the Standstill Agreement provides a standard for distinguishing between breaches that do and do not warrant the action's dismissal. Nor does Texas law provide such a standard. For these reasons, we should enforce the agreement as written, and not presume to exercise a necessarily ad hoc power simply because doing so on these particular facts seems reasonable.

Finally, to grant NL's motion to dismiss consistent with the agreed-upon remedy would not be pointless. OneBeacon urges that NL's motion represents "an attempt to strip this action of its proper first-filed status." Perhaps so. The point is that the dismissal of this complaint can have consequences for the Texas action, which has been stayed pending resolution of this appeal. That, however, is a matter for the Texas court.

Accordingly, we grant the motion to dismiss the complaint. We note that such dismissal does not necessitate dismissal of the counterclaims and cross claims (*see Brennan v Mead*, 73 AD2d 926 [1980]), which apparently were filed in December 2005. Given that NL's motion to dismiss on the ground of the Standstill Agreement should have been granted, we need not and do not address the denial of NL's motion to dismiss on the grounds of another action pending and forum non conveniens. Concur—Marlow, Catterson and McGuire, JJ.

Saxe, J.P., and Buckley, J., dissent in a memorandum by Saxe, J.P., as follows: I would affirm the denial of defendant NL's dismissal motion. Inasmuch as the parties' Standstill Agreement expired by its own terms on October 1, 2005, and NL was not served until October 10, 2005, plaintiff's filing of its complaint four days prior to the expiration of the agreement was no more than an immaterial, de minimis breach. Either party was free to commence a lawsuit after the expiration of the Standstill Agreement, and there is nothing in the record to suggest that plaintiff made misrepresentations lulling NL into refraining from commencing a lawsuit of its own. Nor was there a rush to the courthouse under circumstances that might warrant dismissal in the exercise of discretion (*cf. Certain Underwriters at Lloyd's, London v Hartford Acc. & Indem. Co.*, 16 AD3d 167 [2005]).

Although the parties included in the Standstill Agreement a provision entitling a party to seek dismissal in the event another party violated the agreement, the law recognizes that some conduct, although technically a breach of contract, may be de minimis, that is, so minimal or insignificant as to warrant its being overlooked (Black's Law Dictionary 464 [8th ed 2004]). This concept is not rendered inapplicable by a contract term specifying the remedy for a breach.

Here, plaintiff's filing of its summons four days before it was technically permitted to commence the action was such a de minimis breach. It engendered no prejudice to NL, and was otherwise so inconsequential as to warrant its being overlooked. The action's dismissal was therefore proper.

Nor did NL meet its "heavy burden" to demonstrate that New York is an inconvenient forum (*see Wittich v Wittich*, 210 AD2d 138, 139 [1994]). The subject policies were issued in New York, at a time when NL was headquartered in New York, and are governed by New York law; NL has not identified any essential witness who will be inconvenienced by having to travel to New York; NL has not demonstrated that the courts of Texas are better versed in this litigation; there are no pending actions in Texas with which this action might be consolidated; and the coverage issue is not of a sort that would unduly burden New York courts.