Fields v Baker & Hostetler LLP (2023 NY Slip Op 50610(U))

[*1]

Fields v Baker & Hostetler LLP

2023 NY Slip Op 50610(U)

Decided on June 23, 2023

Supreme Court, New York County

Reed, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on June 23, 2023
Supreme Court, New York County

Richard Fields, Jackson Land and Cattle, LLC, JLC Ranch Development, LLC, JLC Ranch LLC, Plaintiff,

against
Baker & Hostetler LLP, Laurence Markowitz, Raymond Sutton, Defendant.

Index No. 160978/2019

Robert R. Reed, J.

The following e-filed documents, listed by NYSCEF document number (Motion 001) 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 38, 43, 44 were read on this motion to DISMISS.
In motion sequence number 001, defendants move to dismiss plaintiffs' complaint pursuant to CPLR 3211(a)(1) and (a)(7) (see Notice of Motion, dated June 29, 2020 [NYSCEF Doc No. 10] and affirmation of John Siegal, Esq., executed June 29, 2020, ¶ 1 [Siegal affirmation] [NYSCEF Doc No. 12]).[FN1]
Plaintiffs oppose defendants' motion.
Plaintiff Richard Fields (Fields) is a resident of the State of New York and a businessman with assets and interests in several states, including certain real property located in Teton County, Wyoming (Wyoming Property) (see complaint, dated April 28, 2020, ¶¶3, 13 and 19 [NYSCEF Doc No. 9]). Plaintiffs Jackson Land and Cattle, LLC, JLC Ranch Development, LLC, and JLC Ranch, LLC are Delaware limited liability companies that own the Wyoming Property, which are controlled and indirectly owned by Fields (id., ¶14). Defendant Baker & Hostetler LLP (Baker) is a law firm allegedly organized as a limited liability partnership under the laws of the State of Ohio (id. ¶15). Defendant Laurence Markowitz (Markowitz) is alleged to be an attorney admitted to practice in the State of New York and a partner in Baker's New York City office (id. ¶16). Defendant Raymond Sutton (Sutton) is alleged to be an attorney admitted to [*2]practice in the State of Colorado and the managing partner of Baker's Denver office (id. ¶17).
Plaintiffs allege that, beginning in or about 2005, Baker served as attorneys for Fields and several of his corporate entities on various matters, including estate planning, tax, asset protection, general business advice, and litigation, including litigation involving the Wyoming Property (id. ¶19). During this representation, Fields purportedly shared confidential financial information with Baker, including detailed information about his assets and liabilities (id.).
Plaintiffs contend that Baker acted as escrow agent on a series of transactions involving the execution of a series of mortgages (Mortgages),[FN2]
encumbering the Wyoming Property, and that the mortgagees are business entities controlled by another Baker client, nonparty Raul Rodriguez (Rodriguez) (id. ¶3). Plaintiffs assert, upon information and belief, that defendant Markowitz was an investor in at least one of Rodriguez's mortgagees (id. ¶7). Plaintiffs further allege that Baker represented Fields and the other plaintiffs as mortgagors and represented Rodriguez and his mortgagees in these transactions (id. ¶3).
Plaintiffs allege that, at the outset, Baker suggested to Fields that they could treat the Mortgages as "pocket mortgages" by holding them in escrow with Baker as the escrow agent, without publicly recording them, to avoid any default being accelerated and called by Bank of America, which already held mortgages on the Wyoming Property (id. ¶5). Plaintiffs contend that Fields executed the first of the Mortgages only after Baker, Rodriguez, and he had agreed that the Mortgages would not be recorded without first obtaining the express consent of both Fields and Rodriguez, and that Markowitz repeatedly acknowledged to Fields in writing that the Mortgages could not be recorded without his permission (id.). Plaintiffs further note that Baker held some of the Mortgages in escrow for over a year (id. ¶6).[FN3]

Plaintiffs maintain that, on February 26, 2014, before the last of the Mortgages were executed and placed in escrow, Markowitz presented Fields with a conflicts waiver letter agreement (Conflicts Waiver) on behalf of Baker, with respect to Baker's representation of Rodriguez and affiliated entities, "from time to time during 2013 and 2014," and "from time to [*3]time in the future. . . in connection with loan and investment transactions with one or more entities owned, controlled, or managed by. . . Fields or his affiliates" (id. ¶¶12, 44). Therein, Markowitz requested that Fields "formally waive any actual or potential conflict of interest that may now or in the future arise from this firm's representation" of Rodriguez and affiliated entities by signing and returning the letter (id. ¶44).
Plaintiffs further allege that Markowitz did not advise Fields to consult independent counsel before executing the Conflicts Waiver (id. ¶45) and that, on February 26, 2014, the same day on which Markowitz e-mailed the Conflicts Waiver to Fields, Markowitz's partner Sutton e-mailed a second copy of the Conflicts Waiver to Fields and requested that he sign it (id. ¶46). Fields executed the Conflicts Waiver and returned it to Markowitz (see ex B [NYSCEF Doc No. 14] to the affirmation of John Siegal, Esq., executed June 29, 2020 [NYSCEF Doc No. 12]).
According to plaintiffs, after execution of the Conflicts Waiver, Baker continued to hold the Mortgages in escrow (id. ¶52). Plaintiffs also allege that the written and oral communications between Fields and Rodriguez during that time confirmed their agreement that the Mortgages would only be released from escrow with their mutual consent (id.).
Plaintiffs assert that in or around September 2014, Fields found a buyer for the Wyoming Property, whom they described as "ready, willing and able to pay [the] premium price" of $29 million, and that Fields told Rodriguez about the buyer and the contract of sale (id. ¶55). Plaintiffs claim that, almost immediately thereafter, Rodriguez contacted defendants and directed them to release the Mortgages from escrow and cause the Mortgages to be recorded in the Teton County, Wyoming, County Clerk's Office (id.). Without contacting Fields for his consent, defendants allegedly complied with Rodriguez's request (id. ¶56).
According to plaintiffs, Fields was unable to close on the sale of the Wyoming Properties because of the recording of the Mortgages, which triggered plaintiffs' default on their debt to Bank of America and resulted in plaintiffs suffering millions of dollars in damages (id. ¶¶57, 61). Plaintiffs also allege that, after the recording of the Mortgages, Markowitz contacted BOA on behalf of Rodriguez, and sought to acquire BOA's interests in the Wyoming Property (id. ¶58). Plaintiffs further allege that, despite repeated demands that they desist, Baker and Markowitz exploited their knowledge of Fields' assets and transactional history, including plaintiffs' debt to BOA, to gain financial control over Fields' property and businesses, to benefit Rodriguez and his investment companies (id. ¶¶59-60).
Procedural History
2015 Action
On January 23, 2015, plaintiffs commenced an action against Baker and Markowitz in this Court, captioned Fields v Baker & Hostetler LLP (Sup Ct, NY County, Index No. 650227/2015 [summons and complaint] [NYSCEF Doc No. 1] [2015 Action]).[FN4]
In their initial pleading, plaintiffs asserted only one cause of action, for breach of fiduciary duty (id.). Plaintiffs e-filed their first amended complaint on May 20, 2015, adding Sutton as a defendant and adding causes of action for legal malpractice and breach of fiduciary duty (see first amended complaint [NYSCEF Doc No. 20]).
On June 30, 2015, defendants moved to dismiss the first amended complaint (see notice [*4]of motion [NYSCEF Doc No. 22]). This Court heard oral argument on defendants' dismissal motion on November 16, 2015.[FN5]
On December 11, 2015, the Court issued a decision and order (NYSCEF Doc No 46) denying defendants' motion to dismiss the first amended complaint, as reflected in the transcript of the Court's November 16, 2015 hearing (see n 4, supra).
Defendants answered the first amended complaint on January 15, 2016 (NYSCEF Doc No. 50). On February 15, 2017, the parties entered a stipulation of discontinuance, agreeing to dismiss and discontinue the 2015 Action without prejudice (NYSCEF Doc No. 56).
In conjunction with the discontinuance of the 2015 Action, the parties entered a tolling agreement (Tolling Agreement), dated as of February 14, 2017 (ex L [NYSCEF Doc No. 24] to the Siegal Affirmation [NYSCEF Doc No. 12]).
Under the Tolling Agreement, the parties stated that they wished to dismiss the 2015 Action (referred to therein as the "Litigation"), without prejudice, so they could determine whether the dispute between them could be settled and wished "to allow the passage of time to occur without prejudice to either Plaintiffs' right to reassert the claims raised in the Litigation or Defendants' right to defend against the claims raised in the Litigation." To that end, they agreed that "the period between the commencement of the Litigation and the Termination Date, as defined below in paragraph 4, shall not be included, in determining the applicability of any statute of limitations, laches or any other defense based on the lapse of time . . . ."
The Tolling Agreement provides, in pertinent part, that:
"4. This Agreement shall terminate on the earlier of (i) thirty (30) days following transmittal by any party hereto of written notice terminating this Agreement, which shall be sent to all other parties hereto, at the address set forth herein or (ii) thirty (30) days following February 15, 2018, unless extended by the parties. The Termination Date of this Agreement shall be the first business day following the expiration of the earliest thirty (30) day period set forth above."
* * *
"10. The enforcement and interpretation of this agreement shall be governed by the laws of the State of New York. Any dispute arising under this agreement or reinstating the Litigation shall be filed in the Supreme Court of the State of New York, New York County, with a request for Commercial Division Assignment indicating it is a related case to the Litigation . . . ."
Neither party asserts that written notice was ever transmitted during the term of the Tolling Agreement. In accordance with paragraph 4, as the thirtieth day after Thursday, February 15, 2018, was Saturday, March 17, 2018, the Tolling Agreement lapsed by its terms on Monday, March 19, 2018.
Wyoming Action
In their moving papers, defendants state that Fields, with the other plaintiffs herein and several other Field affiliates, commenced an action in April 2018 against defendants in Wyoming state court, asserting the same causes of action as they had in the 2015 Action (Siegal affirmation, ¶26) (Wyoming Action), captioned Fields v Baker & Hostetler LLP (Civil Action [*5]No. 17709 [Teton County Dist. Ct., 9th Judicial Dist.]) (see ex M to Siegal affirmation [WY Order on Motion to Dismiss]). Defendants moved to dismiss the Wyoming Action on the grounds of lack of personal jurisdiction and forum non conveniens.
In its Order on Motion to Dismiss, dated December 21, 2018, the Wyoming District Court granted dismissal of plaintiffs' claims on both grounds. With respect to forum non conveniens, it held that, in cases involving valid forum selection clauses, "'courts should not unnecessarily disrupt the parties' settled expectations,'" but instead should "'hold[] parties to their bargain'" (id. ¶14, quoting Atlantic Marine Constr. Co. v US Dist. Ct. for W. Dist. of Texas, 571 US 49, 66 [2013]). The District Court also found that plaintiffs had not "met their burden of showing that minimum contacts exist," and so Wyoming had no justification to exercise personal jurisdiction over their claims (id. ¶30, citing Cheyenne Publ., LLC v Starostka, 2004 WY 88, ¶11, 94 P3d 463, 470 [Wyo 2004]).
This Action
On November 11, 2019, less than a year after dismissal of the Wyoming Action, plaintiffs commenced the instant action by e-filing a summons with notice with this Court (NYSCEF Doc No. 1). Plaintiffs e-filed proofs of service of the summons with notice on March 13, 2020 (NYSCEF Doc Nos. 2 through 7). Defendants e-filed their notice of appearance and demand for complaint on March 18, 2020 (NYSCEF Doc No. 8). Plaintiffs e-filed their amended complaint on May 26, 2020 (NYSCEF Doc No. 9). Therein, plaintiffs assert causes of action for breach of fiduciary duty, legal malpractice, and breach of contract against defendants. Defendants e-filed their motion to dismiss plaintiffs' amended complaint on June 29, 2020 (see notice of motion [NYSCEF Doc No. 10]).
Dismissal Under CPLR 3211(a)
"In the context of a motion to dismiss pursuant to CPLR 3211, the court must afford the pleadings a liberal construction, take the allegations of the complaint as true and provide plaintiff the benefit of every possible inference" (EBC I, Inc. v Goldman, Sachs & Co., 5 NY3d 11, 19 [2005] [citation omitted]). "Whether a plaintiff can ultimately establish its allegations is not part of the calculus in determining a motion to dismiss" (id.).
"On a CPLR 3211(a)(1) motion to dismiss based upon documentary evidence, 'a dismissal is warranted only if the documentary evidence submitted conclusively establishes a defense to the asserted claims as a matter of law'" (Alden Global Value Recovery Master Fund, L.P. v KeyBank N.A., 159 AD3d 618, 621 [1st Dept 2018], quoting Leon v Martinez, 84 NY2d 83, 88 [1994]). To prevail, "the moving party must show that the documentary evidence conclusively refutes plaintiff's [] allegations" (AG Capital Funding Partners, L.P. v State St. Bank & Trust Co., 5 NY3d 582, 590-591 [2005] [citation omitted]).
On a motion to dismiss a cause of action as barred by the statute of frauds under CPLR 3211(a)(5), "the proper allegations of the complaint must be deemed proved" (Vista Developers Corp. v VFP Realty LLC, 17 Misc 3d 914, 917 [Sup Ct, Queens County 2007] [internal quotation marks and citation omitted]).
"On a motion to dismiss a cause of action pursuant to CPLR § 3211(a)(5) as barred by the statute of limitations, a defendant must establish, prima facie, that the time within which to sue has expired. Once that showing has been made, the burden shifts to the plaintiff to raise a question of fact as to whether the statute of limitations has been tolled, an exception to the limitations period is applicable, or the plaintiff actually commenced the action within the applicable limitations period"
(Flintlock Constr. Servs, LLC v Rubin, Fiorella & Friedman, LLP, 188 AD3d 530, 531 [1st Dept 2020] [internal quotation marks and citation omitted]).
Under CPLR 3211(a)(7), the court addresses the face of the pleading, to decide whether the pleader's allegations fit any cognizable legal theory (Martinez, supra, 84 NY2d at 87-88). "When considering these pre-answer motions to dismiss the complaint for failure to state a cause of action, we must give the pleadings a liberal construction, accept the allegations as true and accord the plaintiffs every possible favorable inference" (Chanko v American Broadcasting Cos., Inc., 27 NY3d 46, 52 [2016] [citation omitted]).
"Statements in a pleading shall be sufficiently particular to give the court and parties notice of the transactions, occurrences, or series of transactions or occurrences, intended to be proved and the material elements of each cause of action or defense" (CPLR 3013). Still, "allegations consisting of bare legal conclusions, as well as factual claims either inherently incredible or flatly contradicted by documentary evidence, are not entitled to such consideration" (Matter of Sud v Sud, 211 AD2d 423, 424 [1st Dept 1995] [citations omitted]; see also Lewis v Riklis, 82 AD2d 789, 789 [1st Dept 1981] ["allegations ... in conclusory form, based upon information and belief, do not establish a sufficient factual showing, evidentiary in nature"]).
Discussion
Plaintiffs assert three causes of action. In their cause of action for breach of fiduciary duty, plaintiffs allege that, as escrow agents for the Mortgages, defendants Baker and Markowitz owed a fiduciary duty of loyalty and due care to plaintiffs, prohibiting them from releasing the Mortgages without plaintiffs' consent, and that they breached their fiduciary duty to plaintiffs by releasing and then recording the Mortgages without first obtaining Fields' permission (complaint, ¶¶ 3-9, 62-64).
In their second cause of action, plaintiffs allege that defendants Baker and Markowitz committed legal malpractice by acting as plaintiffs' attorneys in various capacities, from the time that they established the escrow through the time they released the Mortgages from escrow without plaintiffs' permission, by failing to provide proper advice about the "pocket" Mortgages, failing to advise plaintiffs properly with respect to the Conflicts Waiver, violating attorney-client privilege by releasing plaintiffs' confidential information, and purposely acting against plaintiffs' interests by filing the Mortgages. Sutton is alleged to have committed malpractice by encouraging Fields to execute the Conflict Waiver (id., ¶¶7-12, 70-76).
In their third cause of action, plaintiff alleges that defendants breached the oral escrow agreement plaintiffs formed with Rodriguez and defendants Baker and Markowitz, under which Baker and Markowitz agreed not to record the Mortgages without the express consent of both Fields and Rodriguez. Defendants allegedly breached the escrow agreement by recording the Mortgages at Rodriguez's direction, without Fields' consent (id., ¶¶7-12, 77-83).
Defendants' Motion
Statute of Limitations
I. Statute of Limitations has run on Plaintiffs' Malpractice and Breach of Fiduciary Duty Claims
Defendants contend that plaintiffs' cause of action for malpractice accrued, if at all, upon execution of the Conflicts Waiver, dated February 26, 2014 (ex B to Siegal affirmation [NYSCEF Doc No. 14]) and that their breach of fiduciary duty claim accrued upon Rodriguez's recording of the Mortgages, in or around October 2014 (see complaint, ¶55). They further contend that, if it were not for the Tolling Agreement, plaintiffs' time to assert claims for [*6]malpractice and breach of fiduciary duty would have elapsed before they filed the complaint in this action.
Defendants, citing United States v Bertie Ambulance Serv. (2015 WL 5916691, *6, 2015 US Dist LEXIS 137577, *15 [ ED NC, Oct 8, 2015, No. 2:14-CV-00053-F] [applying NC law]), assert that, by suing them in Wyoming, plaintiffs materially breached the Tolling Agreement's "forum selection provision" and "that breach, which went 'to the very heart of the agreement, entitled [defendants] to rescission'" (quoting id., 2015 WL 5916691, at *5-6, 2015 US Dist LEXIS 137577, *17), and so would justify the court's refusal to enforce the Tolling Agreement (citing OneBeacon Ins. Co. v NL Indus., Inc., 43 AD3d 716, 717-18 [1st Dept 2007]).
There are several flaws in this analysis. First, defendants' counsel admitted at oral argument of this motion that they had not notified plaintiffs that they had rescinded the Tolling Agreement (Tr. 20:11-15), and so no recission has occurred (see 22A NY Jur2d Contracts § 502 [2d ed., May 2023 update], citing American Union Bank v Gubelman, 212 App Div 488 [1st Dept 1925] ["The failure of a party to perform his or her part of a contract does not per se rescind it, and the other party must manifest his or her intention to rescind within a reasonable time"]).
Furthermore, defendants' reliance on OneBeacon is misplaced. The alleged breach in that case occurred several days before the effective termination date of the tolling agreement, and the agreement at issue expressly provided that "if either party filed an action in violation thereof, the other party could seek dismissal, without prejudice, that remedy being hereby agreed upon between the parties" (OneBeacon Ins. Co., 43 AD3d at 717 [internal quotation marks omitted]). In this case, the alleged breach occurred after the Tolling Agreement had terminated and the forum selection clause here does not "contain a provision that an action commenced in violation or breach of the [Tolling Agreement] should be dismissed" (Nomura Asset Capital Corp. v Cadwalader, Wickersham & Taft, LLP, 23 Misc 3d 1134 [A], 2009 NY Slip Op 51090 [U], *10 [Sup Ct, NY County 2009], distinguishing OneBeacon). Considering these differing circumstances, defendants' motion to dismiss plaintiffs' causes of action for legal malpractice and breach of fiduciary duty as time-barred is denied.
Statute of Frauds and the Parol Evidence Rule
Defendants argue that plaintiffs cannot enforce the alleged oral escrow agreement to amend the express terms of the Mortgages because, among other things, the Mortgages are subject to the Statute of Frauds and so any such modification must be in writing, citing, inter alia, Pappas v Resolution Trust Corp. (255 AD2d 887, 889 [4th Dept 1998]). Defendants also contend that, by virtue of the Mortgages' merger clause (see exs D to H [NYSCEF Doc Nos. 16-20] to Siegal affirmation [NYSCEF Doc No. 12], § 10.9), "a court is obliged to require full application of the parol evidence rule in order to bar the introduction of extrinsic evidence to vary or contradict the terms of the writing" (quoting Schron v Troutman Sanders LLP, 20 NY3d 430, 436 [2013] [internal quotation marks and citation omitted]). In opposition, plaintiffs argue that defendants cannot prevail because only parties or privies to the contract at issue can invoke the Statute of Frauds or the parol evidence rule, and the defendants are not party or privy to any of the Mortgages.
"[A] contract not drawn in accordance with the Statute of Frauds is not ipso facto void but only voidable, subject to being declared void if and when the statute is interposed as a defense 'at the proper time and in the proper way'" (Felicie, Inc. v Leibovitz, 67 AD2d 656, 657 [1st Dept 1979] [quoting Crane v Powell, 139 NY 379, 386 [1893]). Plaintiffs' argument fails [*7]because they themselves allege that defendants Baker and Markowitz were parties to, and agents under, their putative oral escrow agreement, which is the contract at issue here (see Raoul v Olde il. Hall, 76 AD2d 319, 328 [2d Dept 1980] ["[A]n oral contract within the statute is not absolutely invalid but is only voidable and unenforceable at the election of the party to be charged or his successor in interest . . . ."]; Brockport Devs., v 47 Eli Corp., 82 Misc 2d 310, 313-14 [Sup Ct, Monroe County 1975] ["[T]he availability of pleading the Statute of Frauds has been limited to only those parties to the oral contract sought to be enforced, their privies and successors in interest"] [citation omitted]; see also id., 82 Misc 2d at 314, citing Kaminsky v Abrams, 51 Misc 2d 5, 7 [Sup Ct NY County 1965] and Stitt v Ward, 142 App Div 626 [1st Dept 1911] ["The bar of the statute has been characterized as 'a shield and not a sword' and a personal defense available to either party to the oral contract should they see fit, but not available to a third party or a stranger to the otherwise voidable agreement"]). Accordingly, the Statute of Frauds and parol evidence rule bar plaintiffs from enforcing the terms of their voidable oral escrow agreement, and so their causes of action for breach of fiduciary duty and breach of contract must be dismissed.
The Conflicts Waiver
Defendants assert that the Conflicts Waiver is binding and completely refutes plaintiffs' cause of action for legal malpractice, entitling them to dismissal under CPLR 3211(a)(1). Defendants assert that plaintiffs' allegations of negligence are inadequate because defendants did not represent them in the Transactions (i.e., the Rodriguez and affiliates' "loan or investment transactions with one or more entities owned, controlled, or managed by Richard T. Fields or his affiliates") (citing complaint, ¶44). Defendants further assert that the Conflicts Waiver properly apprised Fields of the relevant circumstances and risks arising from Baker's representation of Rodriguez and his entities in a routine transactional matter involving parties who had a business relationship for almost two decades and so had no reason to anticipate any actual or potential conflict arising. Finally, defendants argue that sophisticated clients like Fields "must be deemed to have been fully aware of the relevant circumstances" (quoting St. Barnabas Hosp. v NY City Health & Hosps. Corp., 7 AD3d 83, 93 [1st Dept 2004]).
"[T]ak[ing] the allegations of the complaint as true" and giving plaintiffs "the benefit of every favorable inference" (EBC I, Inc., 5 NY3d at 19 [citation omitted]), disputed questions of fact remain, arising from plaintiffs' relationship with defendants. For example, plaintiffs allege that it was Baker that advised them that they could avoid acceleration of their debt to Bank of America by entering "pocket" Mortgages with Rodriguez, and that Baker offered to hold the Mortgages as escrow agent and would only record them with consent from both Fields and Rodriguez (complaint, ¶6). Defendants deny that they entered an oral escrow agreement with plaintiffs but concede that Rodriguez may have delayed recording the Mortgages, as an "accommodation" to Fields. Considering these disputed facts, defendants' motion to dismiss plaintiffs' cause of action for legal malpractice must be denied.
The Court has considered the rest of movants' arguments and finds them unavailing.
Conclusion
For the foregoing reasons, it is hereby
ORDERED that the motion of defendants Baker & Hostetler LLP and Laurence Markowitz to dismiss the complaint is granted to the extent that the third cause of action for breach of contract is dismissed; and it is further
ORDERED the motion of defendants Baker & Hostetler LLP, Laurence Markowitz, and [*8]Raymond Sutton, to dismiss the first cause of action for breach of fiduciary duty and the second cause of action for legal malpractice, is denied; and it is further
ORDERED that counsel for the parties shall appear for a status conference on August 15, 2023 at 11:30 am.
Dated: June 23, 2023
Robert R. Reed, J.S.C.

Footnotes

Footnote 1:Defendants also assert that plaintiffs' cause of action for breach of contract is barred by the statute of frauds (December 14, 2021 hearing transcript, at 12:7-15 [NYSCEF Doc No. 38], and that their causes of action for legal malpractice and breach of fiduciary duty are barred by the statute of limitations (id., at 18:21 to 19:19). These grounds for dismissal are set forth in CPLR 3211(a)(5).

Footnote 2:In the transcript of the December 14, 2021 oral argument of this motion before this Court, plaintiffs' counsel also describes the Mortgages which Baker withheld from public filing, pursuant to the alleged oral escrow agreement, as "pocket mortgages" (Tr. 22:10-15 [NYSCEF Doc No 38]). The term "pocket mortgage" has been used to describe a type of voidable transfer that arises in cases under the Bankruptcy Code (see THE RESOLUTION AND PRECLUSION OF LENDER LIABILITY CLAIMS IN BANKRUPTCY CASES, C610 ALI-ABA 389, 407 [Feb 28, 1991] ["Another manifestation of actual intent to defraud is the debtor's arrangement with a creditor to give the creditor a mortgage on his property on the condition that the creditor not record the mortgage. Such a 'pocket mortgage' creates the erroneous impression among other creditors that the debtor's property is still unencumbered and, therefore, available to pay other obligations"] [citations omitted]).

Footnote 3:In their motion to dismiss, discussed below, defendants deny that they entered into an oral escrow agreement. To counter plaintiffs' allegation that Baker held the Mortgages without recording them, "in some cases, [for] more than a year" (id. ¶6), defendants suggest that plaintiffs' allegations may be premised on a temporary accommodation by Rodriguez not to record the Mortgages unless Fields refused to pay Rodriguez's loans or sought to sell the Wyoming Property securing the loans.

Footnote 4:Documents from the 2015 Action referred to in this subsection are accessible on the NYSCEF system under Index Number 650227/2015.

Footnote 5:Defendants submit a copy of the November 16, 2015 oral argument transcript for dismissal of the 2015 Action as exhibit C to the June 29, 2020 affirmation of John Siegal, Esq., in support of defendants' current motion to dismiss (NYSCEF Doc No. 15).